

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0792-12

**RUDY VILLA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### GAINES COUNTY

MEYERS, J., delivered the opinion of the Court in which PRICE, JOHNSON, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined. WOMACK, J., dissented.

## O P I N I O N

Appellant was indicted for the offenses of indecency with a child and aggravated sexual assault. The jury found Appellant not guilty of indecency with a child but guilty of aggravated sexual assault and sentenced him to confinement for fifty years. On appeal, Appellant claimed that he received ineffective assistance of counsel because trial counsel

failed to request a jury instruction on the medical-care defense. The court of appeals reversed and remanded, holding that Appellant would have been entitled to an instruction on the medical-care defense if he had requested it.[1] The State filed a petition for discretionary review which we granted on two grounds:

(1) Is a defendant who, at trial, both flatly denies the elements of aggravated sexual assault of a child and recants his pre-trial admission entitled to an instruction on the medical-care defense based upon that pre-trial admission?

(2) Is it necessarily ineffective assistance of counsel to not request a defensive instruction that depends upon convincing the jury that the defendant lied to them under oath when he denied committing the prohibited conduct?

We determine that, in his trial testimony, Appellant admitted to penetration, as the term is defined by Texas law, which is sufficient to satisfy the admission requirement of the confession and avoidance doctrine as it relates to the medical-care defense. Further, we conclude that Appellant received ineffective assistance of counsel because the defense was properly raised and trial counsel failed to request a jury instruction on the issue. Therefore, we affirm the ruling of the court of appeals.

## BACKGROUND

*Summary of Facts*

Appellant lived in the same house as the three-year-old victim, S.D.H. When S.D.H.'s mother was at work she often left S.D.H. in the care of various family members,

---

[1] *Villa v. State*, 370 S.W.3d 787 (Tex. App.–Eastland 2012)

including Appellant. Both before and during the time that S.D.H. and Appellant lived in the same house, S.D.H. was known to suffer from repeated diaper rashes and irritations, to which the family members routinely applied diaper rash cream. S.D.H.'s mother returned from work one evening and noticed that S.D.H. was pale and sick. When S.D.H. complained of pain when urinating, her mother checked her and saw that she was "really irritated ... on the inside." S.D.H. told her mother that Appellant had touched her with his "bad finger," a term she used to refer to the middle finger, and that other family members were in the room when this had occurred. S.D.H's mother took her to the hospital. Following an examination by a physician, hospital personnel called the local law enforcement to report a possible sexual assault. S.D.H. was then taken to another hospital and examined by a sexual-assault nurse examiner (SANE), who observed generalized redness but testified that the redness could possibly have been the result of either an infection or digital penetration, and that her exam was inconclusive. S.D.H. was interviewed at a child advocacy center the following day. She told the interviewer that Appellant had touched her "wishy-washy" with "the bad finger" and that her mom and Aunt Lori were also in the room when this happened.

When first questioned by police, officers told Appellant that S.D.H said that he had fondled her. Appellant denied having ever bathed or dressed S.D.H. and stated that he had never had any contact with S.D.H. in any way. Several days later, Appellant returned to the police station at the request of law-enforcement officers, who again informed him

that S.D.H. had accused him of fondling her. After speaking with his father, Appellant gave a statement to police in which he admitted that while applying medication to S.D.H.'s diaper rash, he had "put [his] middle finger in her vagina" and moved it "back and forth probably twice." At trial, Appellant testified that the police had misunderstood him when he gave his statement. Appellant stated that, what he meant was, "I never put my finger in her. Yes, I put it on her, but I didn't put my finger in her at all." Appellant's counsel asked if he "ever, even accidentally, slip[ped] his finger between her vulva and into her vagina," to which he responded, "No." Appellant 's counsel later asked, "[A]re you telling this jury you didn't put your finger inside that child?" to which Appellant responded, "Yes, sir." During redirect by defense counsel the following exchange occurred:

> Q: Is it true that you actually touched the genitals of [S.D.H.]?
> A: Yes.
> Q: Is it true you were applying medication?
> A: Yes.

Appellant then again stated, "I did not put my finger in her." Although the issue was raised and discussed throughout the trial, defense counsel did not request an instruction on the medical-care defense.

### Procedural History

The grand jury indicted Appellant for the offenses of aggravated-sexual-assault and indecency with a child. The indictment for the aggravated-sexual-assault charge stated that Appellant intentionally and knowingly caused the penetration of the female

sexual organ of the victim. For the indecency-with-a-child charge the indictment stated that, with intent to arouse and gratify his sexual desire, Appellant engaged in sexual contact with the victim by touching her genitals and part of her genitals with his hands and fingers. The jury found Appellant not guilty of indecency with a child, but found him guilty of aggravated sexual assault.

At the punishment hearing, Appellant requested probation and presented testimony that he would be able to comply with any requirements that the court ordered, including sex-offender registry and therapy. After the jury heard the punishment evidence, while the parties were discussing the punishment instructions, the court, the State, and defense counsel determined that, due to the age of the victim, Appellant was not eligible for probation and instead, the minimum sentence available was twenty-five years. The jury was properly instructed on the punishment issues and was presented with a range of punishment of twenty-five to ninety-nine years. During the punishment deliberations, the jury sent a note to the judge asking, "What happens if we cannot agree on the terms of years to be served?" The judge replied with a note saying, "I'm sorry I can't answer that question. Please refer to your instructions and the Court's charge and continue with your deliberations." The jury assessed punishment at confinement for a period of fifty years. Appellant appealed the conviction, arguing in part that his counsel provided ineffective assistance by not requesting that the trial court charge the jury on the medical-care defense.

Relying on our opinions in *Cornet v. State*[2] and *Juarez v. State*,[3] which concern whether the necessity and medical-care defenses are subject to the doctrine of confession and avoidance, the court of appeals reversed and remanded, holding that Appellant's pretrial admission was sufficient to raise the defensive issue and warrant an instruction despite the conflicting trial testimony.[4]  It also concluded that the jury could reasonably infer from Appellant's testimony that each element of the offense had been satisfied.[5]  Therefore, it determined that Appellant would have been entitled to an instruction on the medical-care defense had it been requested and that defense counsel's failure to request such an instruction amounted to ineffective assistance of counsel.  Because the jury was precluded from giving effect to the defense, the court of appeals held that the result of the trial might have been different had the instruction been requested and given to the jury.

### State's Argument

The State argues that Appellant is not entitled to the medical-care defense because he did not sufficiently confess to the conduct, emphasizing that his pretrial statement, in which he admitted to the conduct, is not enough to amount to an admission under a confession and avoidance defense.  The State further argues that allowing a defendant to

---

[2]359 S.W.3d 217 (Tex. Crim. App. 2012) (plurality opinion).

[3]308 S.W.3d 398 (Tex. Crim. App. 2010).

[4]*Villa*, 370 S.W.3d at 797.

[5] *Id*. at 795.

disavow any act and previous statement and rely on the jury to believe the pretrial admission would completely defeat the central tenet of confession and avoidance. The State asserts that, even if Appellant was entitled to an instruction, it does not mean that defense counsel was ineffective for not requesting it.

### *Appellant's Argument*

Appellant argues that a denial of penetration of the vagina does not constitute denial of penetration of the sexual organ for purposes of the confession and avoidance doctrine and that Appellant's denial as to the former act does not deprive him of the availability of the medical-care defense. Appellant explains that denying the degree to which penetration occurred is different from denying penetration, and the medical-care defense was warranted on the record in this case. Appellant further argues that defense counsel's entire case was built around the medical-care defense and the failure to request that instruction harmed Appellant by depriving him of his sole opportunity to have the jury make an objective judgment about whether his conduct was justified.

## DISCUSSION

### *The Medical-Care Defense*

We have addressed the confession and avoidance doctrine in both *Juarez v. State*[6] and *Cornet v. State*;[7] however, we have not faced a scenario involving a pretrial

---

[6]308 S.W.3d 398.

[7]359 S.W.3d 217.

admission, followed by a denial of parts of that admission at trial. In *Juarez*, the conflict arose from the defendant's in-court testimony. Juarez was charged with aggravated assault after he bit a police officer's finger when he was being arrested.[8] At trial, he denied biting the officer intentionally, knowingly, or recklessly, but admitted that he bit the officer because he felt like he was suffocating and wanted the officer to release his grip.[9] We explained that despite the inconsistency, Juarez's mental state could have been inferred from his testimony about the circumstances surrounding his conduct at the time of arrest.[10] Similar to the case before us, the jury in *Juarez* was not instructed on the defense. The *Juarez* court of appeals held that the trial court's failure to instruct the jury on the necessity defense was error, and the conviction was reversed. We affirmed the court of appeals and remanded the case to the trial court.[11]

In *Cornet*, the defendant was charged with aggravated sexual assault after examining his eight-year-old step-daughter because he was concerned that she was sexually active.[12] In a formal, pretrial, written statement, Cornet stated that his fingers made contact with both her buttocks and labia while he checked her buttocks and

---

[8]*Juarez*, 308 S.W.3d at 400.

[9]*Id*.

[10]*Id*. at 405.

[11] *Id*. at 406.

[12]*Cornet*, 359 S.W.3d at 217-18.

inspected her genitals "to see if her hymen was still intact."[13] At trial, Cornet denied that he inserted his finger in the complainant's vagina and said that, other than looking for external injuries, he did not "invade" any of her "private parts."[14] The State argued that the defendant's denial of penetration at trial precluded him from satisfying the confession and avoidance doctrine.[15] The four-judge plurality determined instead that Cornet's pretrial statements combined with his trial testimony were enough to entitle him to a defensive instruction on medical care.[16]

In the instant case, the State argues that, because Appellant recanted his pretrial confession and vehemently denied penetration at trial, he is precluded from satisfying the confession requirement. However, whether a matter in confession and avoidance may find support in a defendant's recanted pretrial statement is a question that need not be addressed in this case. Although Appellant repeatedly denied penetration of the complainant's vagina when he testified at trial, he did admit to conduct that amounts to criminal penetration under the Texas Penal Code. Therefore, a reasonable trier of fact could infer that he confessed to such conduct based on these other statements.

The Texas Penal Code makes it a crime for a person to intentionally or knowingly

---

[13]*Id*. at 219.

[14]*Id*.

[15]*Id*. at 227.

[16]*Id*. at 227-28.

cause the penetration of the sexual organ of any child by any means.[17] This Court defined "penetrate" in the context of the aggravated sexual assault statute in *Vernon v. State*.[18] In *Vernon*, the defendant's conviction for sexually assaulting his thirteen-year-old step-daughter was affirmed, despite testimony by the complainant that the defendant touched the "outside" of her vaginal area.[19] We noted that the aggravated-sexual-assault statute does not require penetration of the *vagina*, but rather criminalizes the broader conduct of penetration of the "female sexual organ."[20] We held that contact that "could reasonably be regarded by ordinary English speakers as more intrusive than contact with [the victim's] outer vaginal lips" constitutes a "penetration" within the meaning of the statute.[21] Further, the "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact."[22]

The medical-care defense provided for in Texas Penal Code Section 22.011(d) also applies to Section 22.021.[23] Section 22.011(d) states, "It is a defense to prosecution ...

---

[17]TEX. PENAL CODE § 22.021(a)(1)(B)(I) (2012).

[18]841 S.W.2d 407, 409 (Tex. Crim. App. 1992).

[19]*Id*. at 408-09.

[20]*Id*. at 409.

[21]*Id*.

[22]*Id*.

[23]TEX. PENAL CODE § 22.021(d) (2012).

that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party."[24] In *Cornet v. State*,[25] we held that "it is the nature of the 'conduct,' not the occupation of the actor, that characterizes the availability of the defense."[26] The medical-care defense is one of confession and avoidance. As such, a defendant claiming entitlement to an instruction on the medical-care defense must admit to each element of the offense, including both the act and the requisite mental state.[27] If the defensive evidence does no more than attempt to negate an element of the offense, a defendant is not entitled to a defensive instruction on any defense that is subject to the doctrine of confession and avoidance.[28] An instruction on a confession and avoidance is appropriate only "when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct."[29]

Review of the record reveals what was, in essence, a disagreement as to the degree of penetration committed by Appellant. The record establishes that, when asked if he had

---

[24]*Id.*

[25]359 S.W.3d 217 (Tex. Crim. App. 2012).

[26]*Id.* at 222.

[27]*Id.*

[28]*Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App.2007).

[29]*Id.*

ever "slip[ped] [his] finger between her vulva *and into* her vagina,"[30] Appellant

responded, "No." As noted in *Vernon*, vaginal penetration is not the legal standard

proscribed by the statute—penetration of the "sexual organ" is. Both's S.D.H.'s mother

and the SANE nurse who examined S.D.H. observed redness on her labia minora that

extended into her vaginal canal. Appellant testified that he put Desitin on the red area

outside the vagina. A reasonable juror could certainly find that Appellant's statement was

an admission of contact with the complainant's labia minora and, per the definition in

*Vernon*, was a "penetration" of her sexual organ. Alternatively, a reasonable juror could

find Appellant's statement that he had, in fact, "touched the genitals of this little girl" was

also an admission of penetrating her sexual organ. The court of appeals was correct when

it held that the jury should be allowed to choose which evidence is believable. Appellant

admitted to all elements of the offense in his trial testimony and presented evidence at

trial that properly raised the medical-care defense. Appellant was therefore entitled,

under the doctrine of confession and avoidance, to an instruction on the medical-care

defense.

### Ineffective assistance of counsel

A convicted defendant's claim that counsel's assistance was so deficient as to

warrant reversal of his conviction has two components. First, the defendant must show

---

[30](emphasis added).

that "counsel's representation fell below an objective standard of reasonableness."[31]

Second, the defendant must show that there is a "reasonable probability" that the result of the proceeding would have been different but for counsel's deficient performance.[32]  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.[33]  The purpose of this two-pronged test is to assess whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result.[34]

That being said, judicial scrutiny of counsel's performance is highly deferential and involves a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.  In order for an appellate court to find that counsel was ineffective, counsel's alleged deficiency must be affirmatively demonstrated in the trial record.[35]  The defendant must produce record evidence sufficient to overcome the presumption that, under the circumstances, the challenged action was sound trial strategy.[36]  The court will inquire into counsel's trial techniques only when there appears to be no plausible basis in strategy or tactics for counsel's actions.

---

[31] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[32] *Id.* at 694.

[33] *Id.*

[34] *Id.* at 686.

[35] *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

[36] *Strickland*, 466 U.S. at 689.

While a single error will not typically result in a finding of ineffective assistance of counsel, it "is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance."[37]  Such was the case in *Vasquez v. State*.[38]  In reviewing the two prongs of the *Strickland* test, we held that trial testimony properly raised the necessity defense and counsel's failure to request an instruction on the accused's sole defense fell below an objective standard of reasonableness.[39]  We explained:

> Because the evidence did raise the defensive issue of necessity, and because appellant's counsel failed to request a jury instruction on the issue, the jury was precluded from giving effect to appellant's defense.  That in itself undermines our confidence in the conviction sufficiently to convince us that the result of the trial might have been different had the instruction been requested and given.[40]

Counsel's single failure to request a jury instruction on the issue of necessity when appropriate was therefore both deficient and prejudicial.

In the present case, there is no imaginable strategic motivation for trial counsel's failure to request a medical-care defensive instruction.  Defense counsel elicited testimony from Appellant that could reasonably be regarded as a confession to all elements of the charged offense of aggravated sexual assault.  Defense counsel's opening statement, the

---

[37]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[38]830 S.W.2d 948, 951 (Tex. Crim. App. 1992).

[39]*Id.*

[40]*Id.*

defensive evidence and testimony presented at trial, and defense counsel's closing statement all revolved around the argument that Appellant touched S.D.H. for the sole purpose of applying diaper-rash medication. Under the facts of this case, it would have been error for the trial court to refuse the medical-care defensive instruction had one been requested. The confession and avoidance of medical care was, like the necessity defense in *Vasquez*, properly raised, and there is no strategically plausible basis for trial counsel's failure to request an instruction directly related to Appellant's singular defense. Trial counsel's error thus fell below an objective standard of reasonableness and therefore satisfies the first prong of the *Strickland* test.

In order for counsel to be deemed insufficient under the *Strickland* test, Appellant must also show that but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. The jury's not-guilty verdict for the indecency-with-a-child charge indicates that the jury found no intent by Appellant to arouse or gratify his sexual desires. This verdict is supported by the record, as there was no evidence presented by the State relating to intent to arouse or gratify, and both S.D.H. and Appellant stated that someone else was in the room when the touching took place. Thus, it appears that the jury's guilty verdict on the aggravated-sexual-assault charge was based solely on the very specific act of penetration of the sexual organ. The statements by S.D.H. and Appellant related to this specific act are not inconsistent. S.D.H. said that Appellant touched her. Appellant admitted that he did touch her, but stated that it

was for the sole purpose of applying medication. Given the fact that the jury specifically found no sexual intent to Appellant's actions, it is likely that the verdict on the aggravated-sexual-assault charge would have been different had the jury been provided with a vehicle to give effect to Appellant's medical-care defense.

Just as the jury was precluded from giving effect to the necessity defense in *Vasquez*, the jury in the present case was precluded from giving effect to the medical-care defense as a direct result of trial counsel's failure to request an instruction on the issue. As in *Vasquez*, that failure in itself undermines confidence in the outcome of the trial and is sufficient to find a reasonable probability that the result would have been different had the medical-care defensive instruction been requested and given.

Because the evidence raised the sole defense of medical care, and because Appellant's counsel failed to request a jury instruction on the issue, our confidence in the outcome of this trial is undermined, and both prongs of the *Strickland* test have been satisfied. Appellant, therefore, received ineffective assistance of counsel.

## CONCLUSION

We hold that Appellant admitted to penetration, as the term is defined by Texas law, which is sufficient to satisfy the confession and avoidance doctrine as it relates to the medical-care defense. Further, because the defense was properly raised and trial counsel failed to request a jury instruction on the issue, Appellant received ineffective assistance of counsel. Given the ineffective assistance, the fact that the jury was not provided with a

vehicle to give effect to the sole defense raised by Appellant, our resolution of a similar issue in *Juarez*, and the court of appeals's correct analysis of this issue, we conclude that the proper remedy is to remand this case to the trial court for a new trial. We affirm the judgment of the court of appeals.

Delivered: November 6, 2013

Publish