PD-0161-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/10/2015 1:30:49 PM
Accepted 2/11/2015 4:13:36 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

ERNEST GLENN BENTON, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 2879 FROM THE 100TH JUDICIAL
DISTRICT COURT OF COLLINGSWORTH COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS OF AMARILLO, TEXAS, NO. 07-13-00150-CR

_____

PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

February 11, 2015

ABEL ACOSTA, CLERK

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr._____
DALE A. RABE, JR.,
ATTORNEY FOR PETITIONER

TELEPHONE NO.:   940-937-2543
FACSIMILE NO.:   940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:   24027638

## IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL

1. The trial court presiding judge was the Honorable Richard Dambold, Visiting Judge, who may be served with process at P.O. Box 887, Clarendon, Texas 79226, Facsimile No. 806-874-5146.

2. The Petitioner, Ernest Glenn Benton, is currently incarcerated in the Texas Department of Criminal Justice – Institutional Division, and may be served with process herein at the address of his court appointed appellate counsel and he is represented herein by the undersigned counsel whose address is shown on the front cover of this brief.

The Petitioner, Ernest Glenn Benton, was represented at trial by Todd Alvey who may be served with process at his address P.O. Box 1815, Pampa, Texas 79066, Facsimile No. 806-331-7786.

3. The Appellee, the State of Texas, is represented on appeal by Luke Inman, 100th Judicial District Attorney, 800 West Avenue, Box 1, Wellington, Texas 79095, Facsimile No. 866-233-2738.

The Appellee, the State of Texas, was represented at trial by the same counsel as on appeal.

## TABLE OF CONTENTS

Identity of the Judge, Parties, and Counsel    2

Table of Contents                              4

Index of Authorities                           5

Statement Regarding Oral Argument              6

Statement of the Case                          7

Statement of Procedural History of the Case    7

Ground for Review:                             7

> THE EVIDENCE WAS INSUFFICIENT TO
> ESTABLISH APPELLANT DID THEN AND THERE
> ENGAGE IN SEXUAL CONTACT WITH PSEUDONYM
> DCSO04172012 BY TOUCHING THE GENITALS
> OF PSEUDONYM DCSO04172012, A CHILD
> YOUNGER THAN 17 YEARS OF AGE.

Reason for Review                              8

Prayer for Relief                              10

Appendix                                       11

Certificate of Compliance                      12

Certification of Service                       12

**CASE LAW**

*Lucio v. State,* 351 S.W.3d 878        8
(Tex. Crim. App. 2011)

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

ERNEST GLENN BENTON, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 2878 FROM THE 100TH JUDICIAL
DISTRICT COURT OF COLLINGSWORTH COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS OF AMARILLO, TEXAS, NO. 07-13-00149-CR

_____

## **PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL

APPEALS OF TEXAS:

### STATEMENT REGARDING ORAL ARGUMENT

The ground for review herein involves case specific facts which are best argued before the Court. Oral argument may prove helpful to the Court.

6

## STATEMENT OF THE CASE

The Petitioner, Ernest Glenn Benton, was convicted by a jury of the offense of indecency with a child by contact after a plea of not guilty; the punishment was assessed by the jury at life imprisonment in the Texas Department of Criminal Justice-Institutional Division. This conviction was affirmed by the Court of Appeals for the Seventh District on December 9, 2014.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision affirming Petitioner's conviction on December 9, 2014. Petitioner filed his Motion for Rehearing on December 29, 2014. Petitioner's Motion for Rehearing was overruled on January 12, 2015. This Petition for Discretionary Review was then filed within thirty (30) days; to wit, on February 10, 2015.

## GROUND FOR REVIEW

THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH APPELLANT DID THEN AND THERE ENGAGE IN SEXUAL

7

CONTACT WITH PSEUDONYM DCSO04172012 BY TOUCHING THE GENITALS OF PSEUDONYM DCSO04172012, A CHILD YOUNGER THAN 17 YEARS OF AGE.

## REASON FOR REVIEW

It is respectfully submitted that the court of appeals erred in holding that the evidence at trial was sufficient to convict Petitioner of the offense of indecency with a child by contact.

In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all the evidence in a light most favorable to the verdict and determine, based on that evidence and the reasonable inferences drawn therefrom, whether a fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

In the case at bar, Petitioner was charged by indictment that on or about April 14, 2012, Appellant did then and there engage in sexual contact with Pseudonym DCSO04172012 by touching the

8

genitals of Pseudonym DCSO04172012, a child younger than 17 years of age. 1 CR 2.

The statements of Pseudonym DCSO04172012 are so inconsistent and contradictory that they are too unreliable to sustain the conviction of Appellant. Pseudonym DCSO04172012's recollection of the events on April 14, 2012, changed with each person she spoke with and from day to day at trial. On day one of trial, Pseudonym DCSO04172012 testified that Appellant touched her genitals with his mouth. 4 RR 180. On day two of trial, Pseudonym DCSO04172012 testified that Appellant touched her genitals with his tongue. 5 RR 63. Pseudonym DCSO04172012 testified that Appellant only rubbed baby oil on her legs. 4 RR 182. Pseudonym DCSO04172012 told Becky O'Neal that Appellant put baby oil down her back. 4 RR 229.

Due to the age of Pseudonym DCSO04172012, her testimony is too subject to outside influence to overlook the inconsistencies in her testimony. With

9

no physical evidence or corroborating testimony, Pseudonym DCSO04172012's testimony alone should not be enough to sustain the guilty verdict found by the jury in this case.

Based on the foregoing, Petitioner respectfully requests this Honorable Court grant his Petition for Discretionary Review.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully prays this Court grant this petition, and upon reviewing the judgment entered below, reverse this cause and remand it for new trial.

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201


BY: /s/ Dale A. Rabe, Jr._____
     DALE A. RABE, JR.,
     ATTORNEY FOR PETITIONER
     TELEPHONE NO.:   940-937-2543
     FACSIMILE NO.:   940-937-3431
     E-MAIL: birdbirdrabe@gmail.com
     STATE BAR NO.:   24027638

## APPENDIX

1. Letter from Court of Appeals December 9, 2014

2. Judgment, Trial Court's Rulings Affirmed

3. Memorandum Opinion

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Petition for Discretionary Review is 1,167 words in its completion, signed on this the 10th day of February, 2015, in accordance with the rules governing same.

/s/ Dale A. Rabe, Jr._____
DALE A. RABE, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was delivered as indicated below on this the 10th day of February, 2015, to the following:

Mr. Luke Inman                    VIA E-SERVICE
District Attorney
800 West Avenue, Box 1
Wellington, Texas  79095

Mr. Ernest Benton                 VIA CMRRR
TDCJ # 01846243                   70140510000127094627
2664 FM 2054
Tennessee Colony, TX 75886

/s/ Dale A. Rabe, Jr.____
DALE A. RABE, JR.

12

FILE COPY



# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

December 9, 2014

Dale A. Rabe
BIRD, BIRD & RABE
P.O. Box 1257
Childress, TX 79201-1257
* DELIVERED VIA E-MAIL *

Luke McLean Inman
DISTRICT ATTORNEY
800 West Ave., Box 1
Wellington, TX 79095
* DELIVERED VIA E-MAIL *

**RE:**  Case Numbers:  07-13-00149-CR, 07-13-00150-CR
Trial Court Case Numbers: 2878, 2879

**Style:** Ernest Glenn Benton v. The State of Texas

Dear Counsel:

The Court this day issued an opinion and judgment in the captioned causes. TEX. R. APP. P. 48.

In addition, pursuant to Texas Government Code, Sec. 51.204(b)(2), exhibits on file with this Court, **if any**, will be destroyed three years after final disposition of the case or at an earlier date if ordered by the Court.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

xc:  Honorable Richard Dambold (DELIVERED VIA E-MAIL)
Honorable Stuart Messer (DELIVERED VIA E-MAIL)
Jackie Johnson (DELIVERED VIA E-MAIL)

FILE COPY

No. 07-13-00150-CR

| | | |
|---|---|---|
| Ernest Glenn Benton<br>  Appellant | § | From the 100th District Court of<br>  Collingsworth County |
| | § | |
| v. | | December 9, 2014 |
| | § | |
| The State of Texas | | Opinion by Justice Pirtle |
|   Appellee | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated December 9, 2014, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00149-CR
No. 07-13-00150-CR

_____

ERNEST GLENN BENTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court Nos. 2878, 2879; Honorable Richard Dambold, Presiding by Assignment

December 9, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Ernest Glenn Benton, was tried by a jury and found guilty of

aggravated sexual assault of a child[1] (Trial Court Cause No. 2878, Appellate Cause No.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2014).  The indictment alleged
Appellant intentionally or knowingly caused the penetration of the sexual organ of the victim, a child who
was then and there younger than fourteen years of age, by his mouth.  An offense under this section is a
felony of the first degree.

07-13-00149-CR) and indecency with a child[2] (Trial Court Cause No. 2879, Appellate Cause No. 07-13-00150-CR), with the punishment range in both offenses being enhanced by two prior felony convictions.[3] The jury found both enhancements to be true and assessed his sentence in each case at confinement for life. The trial court ordered the sentences to be served concurrently. By three issues in the aggravated sexual assault case (07-13-00149-CR), Appellant asserts (1) the trial court erred by denying his motion for a directed verdict and (2) the evidence was legally and (3) factually insufficient to establish he caused penetration of the victim's sexual organ by his mouth. By two issues in the indecency with a child case (07-13-00150-CR), Appellant asserts (1) the evidence is legally and (2) factually insufficient to establish he engaged in sexual contact by touching the victim's sexual organ. We affirm the trial court's judgments.

BACKGROUND

The evidence at trial showed that, on April 14, 2012, the victim was eleven years old and had been sexually abused by her father since she was nine. Late that night, her father left his girlfriend's house and drove the victim to Appellant's house. On the way, he displayed a television screen depicting a naked man and woman touching each other. After arriving at Appellant's house, she played a card game with her father and

---

[2] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). Count three of an amended indictment alleged Appellant engaged in sexual contact with the victim, a child under seventeen years of age, by touching the victim's genitals. An offense under this section is a felony of the second degree. *Id.* at (d). The State dismissed Counts I and II.

[3] The State filed its *Notice of Intent to Seek Enhanced Punishment* based upon Appellant's two felony convictions for attempt to commit sexual assault in January 1996 and aggravated assault with a deadly weapon in November 2001. As enhanced, both offenses were punishable by imprisonment for life, or for any term of not more than 99 years or less than 25 years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

2

Appellant, while watching television. In Appellant's bedroom, a television depicted a naked man and woman touching each other. Later, the victim became tired and wanted to go to bed. Her father gave her some "Kool-Aid" to drink. She took a sip and poured the drink out because it tasted funny. She noticed the liquid came from a bottle labeled blueberry vodka.

She went into the bedroom with the television, turned it off and went to bed. Approximately, thirty minutes later, she awoke to the sound of the television. It had been turned back on and was showing naked male and female bodies touching each other. The victim's pants had been removed. Her father was in front of her touching his private parts while Appellant touched her private parts with his mouth and used his tongue. She had baby oil on her back and bottom and Appellant put baby oil on her legs. A black light in the bedroom was turned on. The victim got up, put her pants back on and went into the living room. Appellant told her she looked more beautiful when she was not wearing her clothes. The victim subsequently reported these events to a school counselor.

Becky O'Neal, a Sexual Assault Nurse Examiner (SANE), testified the victim described Appellant putting baby oil down her back and touching her genitalia with his mouth. She also testified that the mouth can be used, along with the tongue to penetrate the female sexual organ and that anything that passes the fat outer lips, the labia majora, touching the inner lips, the labia minora, however slight, is considered to be penetration. She noted in her exam that the victim's sexual organ did not show trauma but testified that such a finding was not inconsistent with the abuse described by the child.

The victim's counselor at her elementary school testified that the victim approached her and described the abuse her father had inflicted upon her. She also told the counselor that she and her father went to Appellant's house, she was given blackberry vodka and was in a room with a black light when Appellant rubbed lotion on her. She also said Appellant had touched her with his hand. She was embarrassed, nervous and crying. The counselor called child protective services and the victim's mother.

Deputy Allen K. Riley served the arrest warrant on Appellant. While searching Appellant's house, he found playing cards similar to those described by the victim, a black light and a near empty bottle of baby oil. One wall in the house was covered with semi-nude photographs of females in various poses.

After the conclusion of the evidence, the jury found Appellant guilty of the offenses in both indictments and assessed Appellant's punishment at confinement for life. The trial court subsequently issued its judgment in conformance with the jury's verdict and this appeal followed.

DISCUSSION

Appellant contends the trial court erred by denying his motion for directed verdict on the issue of penetration. In that regard, we treat a point of error or issue complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

4

Appellant further contends the evidence is both legally and factually insufficient to support the conviction in each case. In that regard, we note the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Accordingly, Appellant's issues essentially present a single issue, i.e., whether the evidence is sufficient to support the verdict in each case. *Id.* at 895.

Appellant asserts there was insufficient evidence to establish that he penetrated the victim's female sex organ with his mouth or tongue or that he engaged in sexual contact by touching her genitals. Specifically, he contends the testimony of the victim was "so inconsistent and contradictory that they are unreliable to sustain the conviction of Appellant." The State asserts there was sufficient evidence to create a jury issue on each question and this Court should defer to the jury's verdict. We agree with the State. *See Steadman v. State,* 280 S.W.3d 242, 243-45, 250 (Tex. Crim. App. 2009).

STANDARD OF REVIEW—SUFFICIENCY OF THE EVIDENCE

In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all the evidence in a light most favorable to the verdict and determine, based on that evidence and the reasonable inferences drawn therefrom, whether a fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2011) (citing *Jackson,* 443 U.S. at 318-19 and *Brooks,* 323 S.W.3d at 895). In conducting our

5

review, we do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

## AGGRAVATED SEXUAL ASSAULT

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly, by any means, causes the penetration of the sexual organ of a child under seventeen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(b)(i) (West Supp. 2014). The State may prove penetration by circumstantial evidence, and the victim need not specifically testify that there was penetration. *Villalon v. State*, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990). *See Murphy v. State,* 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. denied). Further, evidence of the slightest penetration is sufficient to uphold a conviction, so long as it is shown beyond a reasonable doubt. *Luna v. State*, 515 S.W.2d 271, 273 (Tex. Crim. App. 1974).

## INDECENCY WITH A CHILD

A person commits the offense of indecency with a child if, with a child younger than seventeen years of age he engages in sexual contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). For purposes of this section, "sexual contact" includes any

6

touching of a child's genitalia with the intent to arouse or gratify the sexual desire of any person. *Id.* at (c)(1).

ANALYSIS

In *Vernon v. State,* the Court of Criminal Appeals explained that "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact" and amounts to "penetration" sufficient to sustain a conviction for aggravated sexual assault. *Vernon v. State,* 841 S.W.2d 407, 409-10 (Tex. Crim. App. 1992). The court held that the evidence of the defendant's "touching" of the complainant was sufficient to show "penetration" of the complainant's female sexual organ where the evidence showed that the contact was "more intrusive than contact with her outer vaginal lips." *Id.* at 409-10 ("it is not ungrammatical to describe Appellant's touching of complainant in this case as a penetration, so long as contact with the injured part of her anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips").

Here, the victim testified she was undressed when Appellant "touched" her genitalia with his mouth and used his tongue on her private parts. The SANE nurse examiner testified the mouth can be used along with the tongue to penetrate the female sex organ. She further testified that the absence of trauma to the victim's genitalia was not inconsistent with the abuse described by the child. In addition, the jury could circumstantially infer from Appellant's use of pornography, vodka, a black light and baby oil that he intended to and did engage in more than simply touching the outside of her

genitalia. Based upon this evidence, a reasonable juror could find that Appellant's mouth contacted with the victim's labia minora and, per the definition in *Vernon*, was a "penetration" of her sexual organ, i.e., Appellant's mouth and/or tongue reached beyond the outer layer of skin comprising the external genitalia or labia majora. *See Villa v. State,* 417 S.W.3d 455, 462 (Tex. Crim. App. 2013) (a reasonable juror could find appellant's testimony that he put cream on the red area outside the child's vagina and/or touched the genitals of the child as an admission of penetration).

In light of this testimony and evidence, we find a reasonable fact finder could have concluded that Appellant's mouth and/or tongue penetrated the victim's sexual organ and that such touching was done with the intent to arouse or gratify his sexual desires. Accordingly, we find the evidence sufficient to support the jury's verdict in each case and overrule Appellant's respective issues. *See Villa,* 417 S.W.3d at 462; *Steadman,* 280 S.W.3d at 243-45, 250.

CONCLUSION

The trial court's judgments are affirmed.

Patrick A. Pirtle<br>Justice

Do not publish.

8