

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00029-CR

---

ANH T. NGUYEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1465102R, Honorable George W. Gallagher, Presiding

---

December 14, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Anh T. Nguyen appeals from his conviction by jury of the first-degree felony offense of continuous sexual abuse of a child[1] and the resulting sentence of imprisonment for a period of fifty years.[2] Appellant challenges his conviction through two issues. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 21.02 (West 2018) (describing offense of continuous sexual abuse of young child).

[2] TEX. PENAL CODE ANN. § 12.32 (West 2018) (applicable punishment range).

## Background

Appellant was charged via indictment with continuous sexual abuse of his five-year-old step-daughter, D.L.

At trial, the State introduced into evidence an audio recording of a police interview with appellant during which he admitted to sexual conduct. During the interview, appellant admitted he touched D.L. several times for the purpose of applying anti-itch cream to her private area and "itching" her there. However, he also admitted he became aroused and erect when he touched D.L. He also admitted D.L. touched his penis on more than one occasion.

D.L. testified at trial. She was eight years old by that time. She described several instances of sexual contact with appellant that occurred when she and her mother lived with him. She told the jury the contact happened in appellant's bedroom while her mother was at work. She said appellant made her touch his "private part" with her hand under his clothes on several occasions. D.L. testified appellant also touched her "private part" with his hand. During these incidents, appellant made her take off her clothes. She testified she was five years old the first time appellant touched her and made her touch him. She also told that appellant put cream on her private but did not recall feeling "itchy" when he did so.

When appellant testified at trial, he admitted he applied cream to D.L.'s privates three times but said he did so because D.L. told him she was "itchy" and because D.L.'s mother had instructed him to use the cream. Appellant also testified D.L. touched his

penis fewer times than he admitted in his police interview. He denied any arousal or sexual gratification and denied any penetration of D.L.'s female sexual organ.

## Analysis

Appellant does not challenge the sufficiency of the evidence to support his conviction for continuous sexual abuse of D.L. His issues on appeal contend first that his trial counsel was ineffective because he failed to request an instruction on the medical-care defense to be included in the charge to the jury, and second, that the trial court erred by admitting the testimony of outcry witnesses.

### Ineffective Assistance of Counsel

The United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. *Lopez v. State,* 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Under this standard, an appellant must prove that (1) counsel's representation fell below an objective standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 690-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An appellant bears the burden to establish both prongs of the *Strickland* test by a preponderance of the evidence. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Our review of counsel's performance is highly deferential and "involves a strong presumption that counsel's conduct falls within a wide range of

3

reasonable professional assistance." *Villa v. State,* 417 S.W.3d 455, 463 (Tex. Crim. App. 2013). Counsel's deficiency must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Penal Code section 22.011 addresses the offense of sexual assault. It states a medical-care defense in subsection 22.011(d). The subsection provides:

> It is a defense to the prosecution under Subsection (a)(2) that the conduct consisted of medical care for the child and did not include any contact between the anus or sexual organ of the child and the mouth, anus, or sexual organ of the actor or a third party.

TEX. PENAL CODE ANN. 22.011(d) (West 2018).

A defendant is entitled to an instruction on a defense if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true, even if that evidence is weak or contradicted or the trial court does not find it credible. *Shaw v. State,* 243 S.W.3d 647, 658 (Tex. Crim. App. 2007). The medical-care defense is one of confession and avoidance. *Villa*, 417 S.W.3d at 462. *See also Osborne v. State,* No. 07-13-00156-CR, 2015 Tex. App. LEXIS 5518, at *21-22 (Tex. App.—Amarillo May 29, 2015, pet. ref'd) (mem. op., not designated for publication) (citation omitted). "An instruction on a confession and avoidance is appropriate only when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." *Villa,* 417 S.W.3d at 462 (citations omitted).

The offense of continuous sexual abuse of a child requires proof that the defendant committed at least two acts of sexual abuse. *See* TEX. PENAL CODE ANN. § 21.02. The

4

indictment alleged appellant committed the offenses of: (1) aggravated sexual assault of a child by causing the penetration of the sexual organ of D.L. by inserting his finger into D.L.'s sexual organ; (2) indecency with a child by contact by touching the genitals of D.L.; and (3) indecency with a child by contact by causing D.L. to touch appellant's genitals.

Appellant argues his contention that he applied the cream to D.L. for a medical purpose was repeatedly raised at trial and his counsel was ineffective for failing to request an instruction regarding the defense. However, while the medical-care defense applies to one of the alleged predicate offenses contained in the indictment, that of aggravated sexual assault, no medical-care defense applies to the remaining predicate offenses alleged, those of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11 (West 2018) (describing offense of indecency with a child). Those offenses require proof that appellant's sexual contact with D.L. was accompanied by the intent to arouse or gratify the sexual desire of a person. TEX. PENAL CODE ANN. § 21.11(c). D.L. testified appellant had her touch his penis on several occasions. In his testimony, appellant acknowledged D.L. touched his penis twice. And, in his statement to the detective, appellant admitted he was sexually aroused when he applied cream to D.L.'s private area. Though appellant denied sexual arousal in his trial testimony, we find counsel reasonably could have concluded an instruction on the medical-care defense, applicable not to the entirety of the indicted offense of continuous sexual abuse but only to one of the predicate offenses, merely would have served to confuse the jury and invite the State to emphasize the damaging evidence of his indecency with D.L., including his admission of sexual arousal. Counsel argued to the jury that he applied the cream only to the surface of D.L.'s sexual organ and no penetration occurred.

The record is silent as to counsel's reasons for not requesting the instruction. There was no motion for new trial and no hearing during which the trial court could have explored counsel's reasons for choosing not to request the instruction. The record does not support a conclusion no competent attorney would have chosen to pursue that trial strategy and forego an instruction on the medical-care defense under these circumstances. *See Sheppard v. State,* No. 03-16-00702-CR, 2017 Tex. App. LEXIS 4282, at *18 (Tex. App.—Austin May 11, 2017, pet. ref'd) (mem. op., not designated for publication) (reaching similar conclusion). We will not speculate on counsel's motives in the face of a silent record. *Thompson,* 9 S.W.3d at 813.

Appellant has failed to satisfy his burden to show his counsel's failure to request the instruction fell below prevailing norms.

Moreover, even if counsel were deficient in failing to request the instruction, appellant has not satisfied the second prong of the *Strickland* test because he has not shown that his counsel's failure to request the medical-care defense instruction prejudiced him. As noted, the defense has no application to the remaining predicate offenses charged, those of indecency with a child. D.L.'s testimony, corroborated to a large degree by appellant's testimony and his police interview, supported appellant's conviction based on the indecency predicate offenses.

For those reasons, appellant has failed to show that, but for his counsel's failure to request a medical-care defense instruction, the result of the trial would have been different. *See, e.g., Browne v. State,* 483 S.W.3d 183, 191-95 (Tex. App.—Austin 2015, no pet.) (similar analysis).

6

Appellant has not satisfied his burden under *Strickland.* We overrule appellant's first issue.

Outcry Witness Testimony

In appellant's second issue, he challenges the admission of the testimony of a CPS investigator, Kimberly Jimerson, and D.L.'s grandmother as outcry witnesses.

Article 38.072

Article 38.072 of the Texas Code of Criminal Procedure creates a statutory exception to the general rule excluding hearsay evidence. TEX. CODE CRIM. PROC. ANN. art. 38.072 (West 2018). The statute applies only to statements made by the child against whom the offense was allegedly committed and to the first person, eighteen years of age or older, other than the defendant, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a). "Outcry testimony admitted in compliance with Article 38.072 is considered substantive evidence, admissible for the truth of the matter asserted in the testimony." *Sosa v. State*, No. 01-14-00157-CR, 2015 Tex. App. LEXIS 6504, at *10 (Tex. App.—Houston [1st Dist.] June 25, 2015, no pet.) (mem. op., not designated for publication) (citing *Duran v. State,* 163 S.W.3d 253, 257 (Tex. App.—Fort Worth 2005, no pet.)).

Outcry witness testimony is event-specific, not person-specific. *Canfield v. State,* No. 07-13-00161-CR, 2015 Tex. App. LEXIS 1694, at *9 (Tex. App.—Amarillo Feb. 19, 2015, no pet.) (mem. op., not designated for publication) (citing *Lopez v. State,* 343 S.W.3d 137, 140 (Tex. Crim. App. 2011)). "That is, where more than one offense is being prosecuted, there may be more than one outcry statement and more than one outcry

7

witness." *Id.* (citing *Robinett v. State*, 383 S.W.3d 758, 761-62 (Tex. App.—Amarillo 2012, no pet.)). In such situations, "each outcry statement must meet the requirements of article 38.072, and because designation of the proper outcry witness is event-specific, the outcry statements related by different witnesses must concern different events and not simply be the repetition of the same event told by the victim at different times to different individuals." *Id.* (citations omitted).

We review the admission of outcry testimony under an abuse of discretion standard. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). The outcry witness is the first adult to whom the child relates the how, when, and where of the assault. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd) (citation omitted). *See also Solis v. State,* No. 02-12-00529-CR, 2014 Tex. App. LEXIS 4493, at *10 (Tex. App.—Fort Worth Apr. 24, 2014, no pet.) (mem. op., not designated for publication). The statement must describe the alleged offense in some discernible way and amount to "more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91.

Application

The trial court held a pretrial hearing to determine the propriety of the offered outcry testimony. The child's mother, her grandmother, and Jimerson testified at the hearing. At its conclusion, the trial court determined Jimerson and the grandmother were proper outcry witnesses. Appellant objected, arguing their outcry testimony did not rise to the level of adequately describing sexual abuse and contained merely general allusions to the possibility such abuse was occurring. In its written order following the hearing, the

trial court found that the statements of D.L. to Jimerson and the grandmother sufficiently described "discrete occurrences of different offenses" and thus were admissible as outcry statements.

We cannot find the trial court abused its discretion in its ruling. The hearing record shows D.L.'s statement to Jimerson described the offense of indecency with a child by contact. D.L. told Jimerson appellant touched her private area and that she touched his. Jimerson also testified D.L. told her this contact happened in the apartment where she lived with appellant and her mother and that the incidents occurred when she was in kindergarten while her mother was at work.

D.L.'s statements to her grandmother describe other instances of indecency with a child. D.L. told her grandmother that appellant put "lotion" on her privates so often that it hurt and she had to go to the hospital. D.L. said it happened "a lot." D.L. also told her grandmother that appellant took his clothes off and made her take her clothes off. D.L. told her appellant touched her private part and made her touch his private part. She said also she and appellant had "sex." These statements describe the alleged offenses of indecency with a child by contact and aggravated sexual assault of a child.

On this record, we cannot find the trial court abused its discretion in finding Jimerson and D.L.'s grandmother adequately described discrete and separate offenses making them both proper outcry witnesses.

We overrule appellant's second issue.

9

Conclusion

Having resolved each of appellant's issues against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.