**Opinion filed February 26, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00185-CR

_____

## RONALD EVAN RICHARDSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2
Ector County, Texas
Trial Court Cause No. 17-3670-CCL2**

### M E M O R A N D U M   O P I N I O N

Ronald Evan Richardson was charged by information with the offense of assault causing bodily injury—family violence. The jury found him guilty of the offense and assessed his punishment at confinement for 365 days in the Ector County Jail. Appellant challenges his conviction in a single issue by asserting that his trial counsel was ineffective for failing to request a self-defense instruction. We affirm.

*Background Facts*

Appellant was charged by information with intentionally, knowingly, or recklessly causing bodily injury to Hannah Fierros by biting her and/or punching her in the face. The application paragraph of the court's charge asked the jury to determine if Appellant assaulted Fierros "by biting her and/or punching her in the face." Fierros lived with Appellant in a camper next door to Appellant's mother's house. Fierros's two sons, M.M., who was fifteen at the time of the offense, and B.R., who was eleven, also lived in the camper with their mother and Appellant.

Fierros was a reluctant witness at trial. She testified that she appeared at trial in response to a subpoena because her probation officer threatened her with jail if she did not appear. The State offered into evidence her written statement that she made on the day of the offense. In her statement, Fierros stated that she and Appellant had a verbal disagreement that was caused when she "said something he didn't like." Fierros stated that Appellant started throwing her possessions out of the camper. She further stated that Appellant grabbed her hair; that he went after M.M., who tried to defend her; and that he tried to push her out of the camper. Fierros also wrote in her statement that Appellant grabbed her, pushed her down on the bed, and was on top of her hitting her in the face. At some point, Appellant also bit Fierros's knuckle.

M.M. testified that, on the day of the offense, Fierros made macaroni and cheese in Appellant's mother's house and took some to the camper for Appellant, who was asleep. Appellant became upset with Fierros, and an altercation ensued. M.M. testified that he was in the camper when the altercation started. He testified that, when his mother went to give the food to Appellant, he heard yelling, and then Appellant opened the door to the camper and began to throw Fierros's clothes outside. According to M.M., when Fierros tried to go outside to pick up her clothes, Appellant pulled her back into the camper.

2

Eventually, Fierros and her sons left the camper and went to Appellant's mother's house, but Fierros went back to the camper to get her phone. Appellant subsequently called the police. The State played the dashcam footage from the patrol vehicle of Corporal David Yelton of the Odessa Police Department. On the recording, Fierros says that Appellant became angry with her because of the way she woke him and then began to attack her. However, Corporal Yelton testified that Appellant told him that Fierros assaulted him and pulled a knife on him and that M.M. attacked him. Sergeant Brad Cline testified that Appellant also told him that Fierros had threatened him with a knife.

Sergeant Cline's dashcam footage was also admitted into evidence. On the recording, Appellant said that "[Fierros] started putting her hands on [him]." Appellant also said that he could not defend himself because of health issues and that M.M. started hitting him too. Appellant then stated that he "pushed [Fierros] out the door." Eventually, Appellant was arrested at the scene and taken to the police station.

*Analysis*

In his sole issue on appeal, Appellant asserts that his trial counsel was ineffective because she did not request a jury instruction on self-defense. Appellant contends that there was evidence to support the submission of a self-defense instruction and that he was harmed because the jury was precluded from considering his only potential defense. We disagree with Appellant's analysis.

To establish that counsel rendered ineffective assistance at trial, Appellant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A reasonable probability is a probability sufficient to undermine confidence in the

outcome of the trial. *Strickland*, 466 U.S. at 694. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action could be considered sound trial strategy. *Id.* at 689.

A claim of ineffective assistance of counsel "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Direct appeal is usually an inadequate vehicle to raise such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Direct appeal is especially inadequate when counsel's strategy does not appear in the record. *Id.* Trial counsel should ordinarily have an opportunity to explain his actions before an appellate court denounces counsel's actions as ineffective. *Id.* Without this opportunity, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Appellant did not file a motion for new trial. Accordingly, the appellate record does not contain an explanation from trial counsel concerning her actions at trial.

"To demonstrate deficient performance based on the failure to request a jury instruction, an appellant must show he was entitled to the instruction." *Davis v. State*, 533 S.W.3d 498, 513 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd). Section 9.31(a) of the Texas Penal Code provides that "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a) (West 2019). Self-defense is a confession-and-avoidance defense requiring the defendant to admit to his otherwise illegal conduct in order to obtain a self-defense instruction. *Jordan v.*

*State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020) (citing *Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010)).

Appellant did not testify during the guilt/innocence phase of trial. However, he contends that he would have been entitled to a self-defense instruction based on the testimony of the three police officers that spoke with him at the scene. Corporal Yelton and Sergeant Cline testified that Appellant told them that Fierros was the original aggressor and that she pulled a knife on Appellant. Corporal Marshall Williams testified that Appellant told him that Fierros tried to gouge Appellant's eye out, so he bit her on the knuckle.

Regardless of the strength or credibility of the evidence, a defendant is entitled to an instruction on any defensive issue that is raised by the evidence. *Id.* (citing *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996)). "A trial court errs to refuse a self-defense instruction if there is some evidence, viewed in the light most favorable to the defendant, that will support its elements." *Id.* (citing *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017)). We will assume for the purpose of our analysis that Appellant would have been entitled to a self-defense instruction if trial counsel had requested it.

Irrespective of Appellant being entitled to a self-defense instruction, the record does not establish that Appellant's trial counsel did not have a sound trial strategy for not requesting a self-defense instruction. As noted previously, self-defense is a confession-and-avoidance defense requiring the defendant to admit his otherwise illegal conduct. *Id.* Using the relevant pattern jury charge as a guide, the self-defense instruction that the trial court likely would have given the jury would have been similar to the following:

> If you all agree the state has proved, beyond a reasonable doubt, each of the elements listed above [in the application paragraph that was based on the allegation that Appellant "bit Fierros and/or punched her in the face"], you

must next consider whether the defendant's use of force was made in self-defense.

You have heard evidence that, when the defendant bit Fierros and/or punched her in the face, he believed that his use of force was necessary to defend himself against Fierros's use of unlawful force.

*See* Comm. on Pattern Jury Charges, State Bar of Texas, *Texas Criminal Pattern Jury Charges: Criminal Defenses PJC* 31.8 (2018) (Nondeadly Force in Self-Defense).[1]  Appellant never admitted to the officers that he punched Fierros in the face.  He told Sergeant Cline that, other than pushing Fierros out of the camper, "[he] didn't touch her."  The self-defense instruction that the trial court would have given would have made it appear that Appellant was admitting to conduct that he had not, in fact, admitted.  Thus, this is not a situation where Appellant had "nothing to lose" by requesting a self-defense instruction, *see Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992), or a situation where there was "no imaginable strategic motivation" for trial counsel not to request a self-defense instruction, *see Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013).

Appellant's trial counsel's closing argument indicates that self-defense was not Appellant's only potential defense to the charge.  Trial counsel chose instead to focus on the inconsistencies in Fierros's account to argue that the State had failed to prove its case beyond a reasonable doubt.  In the absence of an explanation from trial counsel, the record does not support a finding that this was an unreasonable trial strategy or that trial counsel's performance fell below an objective standard of reasonableness.  *See Thompson*, 9 S.W.3d at 812.

The record also does not show a reasonable probability that the result of the proceedings would have been different had Appellant's trial counsel requested a

---

[1]Although of great assistance, the pattern jury charges do not carry the weight of law; they are secondary sources.  *See Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 920 n.7 (Tex. 1981).

self-defense instruction. *See id.* The lack of a self-defense instruction did not preclude the jury from giving effect to the only potential defense available to Appellant because the jury could still compare Fierros's account with Appellant's account in order to determine if the State had carried its burden of proof. Accordingly, Appellant has not established ineffective assistance of counsel under either *Strickland* prong. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


February 26, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.