# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00763-CR

**Terrance Maurice Yarbrough, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
NO. 13-05815-3, HONORABLE DOUG ARNOLD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Terrance Maurice Yarbrough of the class B misdemeanor offense of driving while intoxicated, and the trial court assessed punishment at confinement for thirty days in the county jail. In one point of error, appellant complains about ineffective assistance of counsel. Finding no reversible error, we affirm the trial court's judgment of conviction.

## BACKGROUND

Appellant was the driver in a single-vehicle accident in the early morning hours of July 14, 2013, in Williamson County. His vehicle left I-35 and ended up in a "ditch" on the median between I-35 and the frontage road. A passenger in another vehicle saw the accident, called 911, and stopped "to check on the state of the person or persons in the vehicle." A police officer from Travis County also stopped to "make sure that everybody was okay." Appellant got out of his vehicle and, after speaking with the officer, "started jogging" away from appellant's vehicle and the

officer on the shoulder of the interstate highway. Around this time, a police officer from the City of Georgetown arrived. The City of Georgetown officer "paralleled" appellant and "shined [his] spotlight" from the patrol car on appellant. Appellant "took off running" across the lanes of the interstate highway and "[j]umped the concrete barrier." The police officers set up a perimeter and were able to locate appellant on the other side of the interstate highway in some bushes. Appellant was arrested and transported to jail. He did not submit a specimen of his blood or breath for testing.

Appellant was charged with the offense of driving while intoxicated. Appellant, through his appointed counsel, filed a motion to suppress evidence "derived from shortly before the stop and/or detention" of appellant on the ground that his arrest was without probable cause or a warrant. He also filed a motion to redact inadmissible evidence from the officers' video recordings based on Texas Rules of Evidence 403 and 404(b). *See* Tex. R. Evid. 403 (addressing exclusion of relevant evidence for prejudice, confusion, or other reasons), 404(b) (addressing admissibility of evidence of "crime, wrong, or other act"). After an evidentiary hearing, the trial court denied appellant's motion to suppress but granted the motion to redact portions of the police recordings about appellant's ownership of the vehicle.

Appellant entered a plea of not guilty, and his case was tried before a jury. The State's witnesses included the eyewitness to the accident who called 911, the Travis County police officer, and police officers from the City of Georgetown. The eyewitness testified about the accident and his observations of appellant's behavior. He testified that, when he walked up to the vehicle, appellant was in the driver's seat "somewhat incoherent" and that the vehicle "smelled very much like marijuana." The officers testified about their investigation of the accident, the search for

appellant after he ran across the highway, appellant's arrest, the signs of intoxication, and their observations of appellant. The City of Georgetown officers who observed appellant at the scene opined that, based on their observations, appellant was intoxicated. The officer who inventoried appellant's car testified that he smelled "burnt marijuana in the vehicle" and found "the end of a marijuana cigarette, commonly called a roach," in the vehicle's front floorboard. He did not keep the "roach" because it was not "a usable amount" of marijuana but noticed that "it was still wet at the tip." The vehicle had to be towed because it was not drivable. Trial exhibits included the audio recording of the 911 call and DVDs of video recordings of the scene of the accident, the discovery of appellant in the bushes, and communications between appellant and the officers at the jail. The recordings were admitted without further objection.[1]

The jury found appellant guilty of the offense of driving while intoxicated, and the trial court assessed punishment at thirty days in the county jail based on a plea agreement in which appellant did not waive his right to appeal. Appellant filed a motion for new trial with new counsel, which was overruled by operation of law. This appeal followed.

**STANDARD OF REVIEW**

In a single point of error, appellant claims he was denied effective assistance of counsel. To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289,

---

[1] As discussed earlier, the trial court granted appellant's motion to redact audio portions of the recordings.

307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. The appellant must also show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

## DISCUSSION

Appellant contends that his trial counsel rendered ineffective assistance at trial because he "failed to understand the law upon which his entire trial strategy was based" and his

4

counsel's adopted trial strategy "was not plausible under applicable law" due to this misunderstanding. Appellant argues that his trial counsel should have objected to the admission of evidence that was obtained after he invoked his right to counsel instead of seeking a jury instruction under article 38.23 of the Code of Criminal Procedure. *See* U.S. Const. amend. V; Tex. Code Crim. Proc. art. 38.23; *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981); *State v. Gobert*, 275 S.W.3d 888, 892 (Tex. Crim. App. 2009) ("Once the suspect has invoked his Fifth Amendment right to counsel, police interrogation must cease until counsel has been provided or the suspect himself reinitiates a dialogue.").

According to appellant, trial counsel's strategy was to allow the admission of evidence that the trial court would have suppressed upon proper request and then to ask the jury to disregard the evidence by seeking an article 38.23 jury instruction "for the purpose of demonstrating that law enforcement officers had no regard for their duty to uphold the law of the land." *See* Tex. Code Crim. Proc. art. 38.23(a). Article 38.23(a) states:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

*Id.* Appellant contends that the failure to object to the evidence in question precluded a jury instruction under article 38.23.

5

In his reply brief, however, appellant concedes that trial counsel "adopted a trial strategy which was plausible under applicable law" and that the failure to object to the evidence in question did not prohibit his trial counsel from requesting an article 38.23 jury instruction. *See Holmes v. State*, 248 S.W.3d 194, 202 (Tex. Crim. App. 2008). In *Holmes*, the Texas Court of Criminal Appeals "reiterate[d] that an objection to the admissibility of evidence under the first sentence of Article 38.23 is *not* a prerequisite to the right to a jury instruction regarding a disputed factual issue under the second sentence of Article 38.23." *Id*. The court explained:

> A defendant who affirmatively states, "No objection," when evidence is offered, waives his right to complain on appeal that the evidence was, as a matter of law, illegally obtained under Article 38.23. But that same defendant may still request and receive a jury instruction under Article 38.23 if the evidence raises a contested factual issue that is material to the lawfulness of obtaining the evidence. These are two distinct issues: one is a legal question of admissibility for the judge and the other is a question of disputed fact for the jury's consideration and resolution.

*Id*. at 196. Thus, assuming that trial counsel's strategy was as described by appellant, appellant's point of error fails to raise a basis for concluding his counsel's performance was deficient.

Appellant, however, revises his complaint in his reply brief and argues that trial counsel's performance was deficient because he "did not obtain an instruction under Article 38.23, and instead abandoned the issue altogether without obtaining an adverse ruling from the trial court." Appellant argues that he was entitled to the instruction because there were factual disputes about whether the officers had probable cause to arrest him, whether he unequivocally invoked his right to counsel, and whether the officers improperly continued interrogating him after he invoked his

6

right to counsel.[2]  During the charge conference, trial counsel requested an article 38.23 jury

---

[2] The audio portion of one of the DVDs includes the arresting officer advising appellant of his *Miranda* rights while he apparently is still in the patrol car at the jail and appellant appears to request an attorney at that point.  The officer then asked appellant if he was "going to give these guys a hard time getting out of the car?"  Appellant responds with more questions about the charges against him and eventually asks to speak to a sergeant.  In another one of the DVDs, the arresting officer tells other officers that she advised appellant of his *Miranda* rights after he was arrested and that appellant responded that he did not understand the charges and that he "need[ed] to speak to my lawyer."  Later on this recording, appellant stated that he did not "run" from the officers but "was lost," and appellant refused to cooperate with sobriety tests.  According to appellant, the jury was improperly allowed to see this portion of the recording that showed appellant's "lack of cooperation and confused statements."

Appellant's counsel crossed-examined the officer about appellant's statement concerning his lawyer as follows:

Q.   Okay.  So he just invoked his right to counsel under the Sixth Amendment [sic] of the United States Constitution, correct?

A.   Yes.

* * *

Q.   So he just invoked his right to counsel, and you just asked him another question.  Is that correct?  You said, "Are you going to give these guys any problems?"

A.   That is not regarding what he's being arrested for.

Q.   That's not my question.  My question is: Did you ask him another question after that?

A.   Yes.  I asked him another question.

Q.   Okay.  So wouldn't that be illegal interrogation?

A.   I'm not interrogating at that point.  I'm asking for the safety of the jailers who were fixing to take him into custody if—

Q.   He asked for the right to a lawyer.  Is that not true?

7

instruction, and the parties and the court discussed whether there was a disputed fact that would entitle appellant to the jury instruction. *See id.* Appellant, however, did not press the trial court for a ruling, and the instruction was not included in the charge to the jury.

Appellant filed a motion for new trial, but he did not raise ineffective assistance of counsel in the motion. No hearing on the same was conducted, and the motion was overruled by operation of law. Thus, appellant's trial counsel was not afforded an opportunity to explain his reasons for not pressing the trial court further on his request for the jury instruction. *See Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013) ("[C]ounsel's alleged deficiency must be affirmatively demonstrated in the trial record."); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("[C]ounsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation."). Absent record evidence regarding counsel's strategy or reasoning, we will presume he exercised reasonable professional judgment. *See Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd); *see also Lopez*, 343 S.W.3d at 143.

---

A.    It's not an interrogation. It's not—I'm not asking him about a crime he's committed.

\* \* \*

Q.    And you're asking him questions, which would be a custodial interrogation, correct?

A.    I wouldn't agree with that.

8

Further, an accused is not entitled to entirely errorless representation, and we look to the totality of the representation in gauging the adequacy of counsel's performance. *See Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013). The record reflects that trial counsel vigorously represented appellant, including filing and pursuing pre-trial motions, such as the motion to suppress evidence and to redact evidence on the video recordings, cross-examining the State's witnesses, and presenting arguments. Based on our review of his representation, we cannot conclude that trial counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 592. Accordingly, we conclude that appellant has failed to demonstrate deficient performance on the part of his trial counsel. *See Frangias*, 450 S.W.3d at 136 ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'" (quoting *Goodspeed*, 187 S.W.3d at 392)).

Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong—prejudice. *See Lopez*, 343 S.W.3d at 144; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."). Nevertheless, we also find that appellant failed to demonstrate that he suffered prejudice.

Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at

9

693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). Merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). Instead, he must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 695–96.

Even without considering evidence that was obtained after appellant was arrested, the State presented ample evidence to support its charge that appellant was guilty of the offense of driving while intoxicated. Appellant was involved in a single-vehicle accident in the early morning hours and, after appellant left his car and an officer shined a spotlight on him, appellant ran across the lanes of the interstate highway, jumping the concrete barrier and then hiding in bushes until the police were able to locate him. The eyewitness testified that he saw appellant "veer" off the interstate highway and into the ditch on the median, that appellant did not appear injured but was "nodding in and out" and "somewhat incoherent" while sitting in the driver's seat, and that the vehicle "smelled very much like marijuana." He also agreed that appellant's appearance was consistent with somebody that was "stoned or high."

Officers also testified about their observations of appellant and his vehicle at the scene of the accident, including the smell of marijuana coming from the vehicle and a "roach" that was "wet" on its tip that an officer found on the vehicle's front floorboard. One of the officers testified that appellant appeared to be under the influence of some type of narcotic based on his "slow and lethargic" movements, "glassy and extremely bloodshot eyes," and difficulty opening his eyelids "all the way." Another officer described appellant's movements as "lethargic," his eyes as

10

"kind of glassy," his eyelids as "very droopy," and his answers to their questions difficult to understand. She testified that "the signs that [she] observed at the scene initially were consistent with somebody intoxicated."

On the record before us, we conclude that appellant has failed to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the alleged errors of counsel. Thus, he has not shown himself entitled to reversal based on ineffective assistance of counsel. We overrule appellant's point of error.

## CONCLUSION

Having overruled appellant's point of error, we affirm the judgment of conviction.

_____
Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: November 13, 2015

Do Not Publish