# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00798-CR

**John Edward Rago, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 13-0145-K277, THE HONORABLE PHILLIP O. VICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant John Edward Rago guilty of aggravated assault and assessed his punishment at confinement for 28 years in the Texas Department of Criminal Justice and a $5,000 fine.[1] *See* Tex. Penal Code §§ 22.02(a)(1) (assault is aggravated assault if defendant causes serious bodily injury to victim), (b)(1) (aggravated assault is first degree felony when defendant uses deadly weapon and causes serious bodily injury to family member, household member, or person

---

[1] The jury heard evidence that on the evening in question, appellant and Kendra Lott, his girlfriend and the mother of his child, argued several times. As the arguments progressed, appellant physically attacked Lott by knocking her to the ground, hitting her repeatedly with his fists, pushing her down, hitting her with the butt of a rifle, and kicking her in the side. The next day Lott was transported to the hospital where emergency room personnel and treating physicians observed facial abrasions, an increased heart rate, neck tenderness, chest soreness, diminished breath sounds, swelling on her hands and knees, and "a lot of bruising and contusions." She was admitted to the hospital for treatment of a fractured rib and a pneumothorax (a partially collapsed lung caused by, in this case, the broken rib puncturing the lung). Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not further recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

with whom defendant has or has had dating relationship), 12.32 (punishment range for first degree felony). On appeal, appellant asserts that error in the jury charge caused him egregious harm and complains that he suffered ineffective assistance of counsel at trial. We find no reversible error. However, through our own review of the record, we have found non-reversible error in the written judgment of conviction. We will modify the judgment to correct the clerical errors and, as modified, affirm the trial court's judgment of conviction.

## DISCUSSION

### Jury Charge Instruction

The evidence at trial showed that police secured a warrant for appellant's arrest for aggravated assault after talking to Lott in the hospital. Two police officers from the SWAT team dispatched to apprehend appellant and arrest him on the warrant testified about appellant's attempts to evade arrest: he first took "evasive maneuvers" while driving, he then fled from the officers—initially in his truck and then on foot into the woods, and finally he hid laying down in the weeds. This evidence was admitted without objection and without a request for a limiting instruction. Appellant now contends that the trial court should have included, sua sponte, a jury charge instruction directing the jury that the abovementioned misconduct evidence could not be considered for the purposes of character conformity. He argues in his first point of error that the trial court's failure to submit the limiting instruction regarding consideration of the extraneous-offense evidence caused him egregious harm.

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal.

2

*Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth procedure for appellate review of claim of jury charge error). Appellant concedes that he did not request a limiting instruction in the jury charge at trial or object to the omission of such an instruction from the charge. Thus, because the jury charge error was not preserved, the error, if any, requires reversal only if it was "fundamental" in that it was "so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Almanza*, 686 S.W.2d at 171.

The trial court is required to give the jury a written charge setting forth the law applicable to the case. Tex. Code Crim. Proc. art. 36.14. The judge's duty to instruct the jury on the applicable law exists even when defense counsel fails to object to inclusions or exclusions in the charge. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). However, "a defendant is entitled to limiting instructions on the use of extraneous offenses during the guilt phase *only* if he timely requests those instructions when the evidence is first introduced." *Delgado v. State*, 235 S.W.3d 244, 253 (Tex. Crim. App. 2007) (emphasis added); *see Brewer v. State*, No. 03-10-00076-CR, 2014 WL 709549, at *14 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op., not designated for publication). "A failure to request a limiting instruction at the time evidence is presented renders the evidence admissible for all purposes and relieves the trial judge of any obligation to include a limiting instruction in the jury charge." *Williams v. State*, 273 S.W.3d 200, 230 (Tex. Crim. App. 2008);

3

*Brewer*, 2014 WL 709549, at *14; *see Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) ("Because the evidence in question was admitted for all purposes, a limiting instruction on the evidence was not 'within the law applicable to the case,' and the trial court was not required to include a limiting instruction in the charge to the jury.").

Here, when the evidence of appellant's evasion and flight was introduced, appellant did not ask the trial court for a limiting instruction. Thus, the evidence regarding this extraneous misconduct was admitted without limitation, the jury was entitled to consider it for all purposes, appellant was not entitled to a limiting instruction in the jury charge, and the trial court was not required to include, sua sponte, a limiting instruction in the charge to the jury. *See Delgado*, 235 S.W.3d at 251; *Hammock*, 46 S.W.3d at 895. Accordingly, the jury charge was not erroneous for the lack of a limiting instruction on consideration of the evidence of appellant's extraneous misconduct.

Finding no error in the jury charge, we need not reach appellant's claim that he suffered egregious harm. *See Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) ("Because there is no charge error in this case, we need not conduct a harm analysis."); *Barrios v. State*, 283 S.W.3d 348, 353 (Tex. Crim. App. 2009) ("Finding no error in the jury charge, we do not consider whether appellant was harmed."). We overrule appellant's first point of error.

**Ineffective Assistance of Counsel**

In his second point of error, appellant contends that his counsel rendered ineffective assistance at trial because he failed to object to certain testimony from the investigating detective. Specifically, appellant complains that because counsel failed to object the detective was permitted

4

to testify that photos of Lott's injuries were "consistent" with her story, recount Lott's hearsay version of the events, characterize appellant's conduct as "sadistic," and opine that Lott's statements were truthful.

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. If trial counsel

5

has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

No motion for new trial was filed in this case. Thus, the record is silent as to why trial counsel failed to object to the detective's testimony, whether there was a strategic reason for not objecting, or what the particular strategy for counsel's conduct was. Consequently, the record before this Court is not sufficiently developed to allow us to evaluate counsel's supposedly deficient performance. Appellant's assertion that "[t]here can be absolutely no trial strategy" to account for or explain counsel's conduct in allowing the complained-of testimony is mere speculation. Such speculation does not constitute a demonstration, founded in the record, that no reasonable trial strategy existed. *See Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013) ("[C]ounsel's alleged deficiency must be affirmatively demonstrated in the trial record."). Appellant's trial attorney was not afforded an opportunity to explain his reasons for the complained-of conduct or to respond to the claim of ineffectiveness. *See Menefield*, 363 S.W.3d at 593. Absent record evidence regarding counsel's strategy or reasoning, we will presume he exercised reasonable professional judgment. *See Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd); *Poole v. State*, 974 S.W.2d 892, 902 (Tex. App.—Austin 1998, pet. ref'd); *see also Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

Appellant has failed to rebut the strong presumption of reasonable assistance because without explanation for trial counsel's decisions, the complained-of conduct does not compel a conclusion that his performance was deficient. We cannot say that "no reasonable trial strategy

6

could justify" his decision to engage in the complained-of conduct, *see Lopez*, 343 S.W.3d at 143, nor can we conclude that his conduct was "so outrageous that no competent attorney would have engaged in it," *see Menefield*, 363 S.W.3d at 592; *see also Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) ("The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel."). An argument can be made that counsel engaged in the conduct appellant now criticizes in order to demonstrate potential bias of the State's witnesses, particularly the detective. Questions propounded to the detective on cross examination about Lott's injuries and the purported consistency with her story allowed counsel to attack Lott's credibility as well as highlight the detective's possibly biased interpretation of her injuries. Counsel's questions attempted to show that had the events occurred as Lott said, the resulting injuries should have been more severe given appellant's size. Other questions about the photographs and Lott's injuries arguably attempted to highlight the officer's immediate assumption that appellant caused the injuries when he had no personal knowledge of the altercation and no medical expertise concerning the timing of the injuries or method of causation. Not objecting to the detective's testimony recounting Lott's hearsay version of the events afforded counsel the opportunity to subsequently highlight the limited—and potentially biased—nature of the detective's knowledge and opinion: he was only familiar with Lott's side of the story, having no knowledge of appellant or the circumstances of the situation other than from information gained from her, and he failed to take any actions, such as visiting the crime scene or attempting to gather DNA evidence, to corroborate what Lott had told him. Not objecting when the detective characterized appellant's conduct as sadistic could simply have been counsel's desire to avoid drawing attention to the

7

detective's non-responsive answer.[2] *See Ex parte Bryant*, 448 S.W.3d 29, 41 (Tex. Crim. App. 2014) (observing that trial strategy of not objecting to avoid drawing attention to evidence "may be particularly useful when, for example, only a passing, but possibly objectionable, reference is made and the defense attorney believes that the reference would largely go unnoticed"). Finally, appellant maintains that counsel was deficient for allowing the detective to testify that Lott was telling the truth. However, the record reflects that when the prosecutor asked the detective about Lott's truthfulness—"Did it seem like those (Lott's statements) were truthful statements to you?"—appellant's trial counsel objected and the trial court sustained the objection.

Based on the record before us, we find that appellant has failed to demonstrate deficient performance on the part of his trial counsel. *See Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'"). Because appellant failed to meet his burden on the first prong of *Strickland*, we need not consider the requirements of the second prong—prejudice. *Lopez*, 343 S.W.3d at 144; *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a

---

[2] At trial, the prosecutor asked the detective if Lott's description of appellant instructing her to lay out trash bags on the floor of their house (presumably to protect it from blood spatter) "[stood] out for [the detective]." After the detective responded affirmatively, the prosecutor asked, "[H]ow would you describe that to the jury?" In his answer, the detective expanded beyond Lott's comment about the trash bags and indicated that appellant's instruction to Lott to open her eyes "so she could watch him beat her, [was] just sadistic."

8

court's need to consider the other prong."). Nevertheless, we also find that appellant has failed to demonstrate that he suffered prejudice.

Even if an appellant shows that particular errors of counsel were unreasonable, he must further show that they actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693–95; *Cochran v. State*, 78 S.W.3d 20, 24 (Tex. App.—Tyler 2002, no pet.). It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were of questionable competence. *Lopez*, 343 S.W.3d at 142–43. Further, merely showing that the errors had some conceivable effect on the proceedings will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). Instead, an appellant must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 695.

Appellant summarily asserts that "[a]ppellant was undoubtedly harmed by counsel's deficient performance because what more damaging evidence could there be in a case in which there are two sides to a story but the testimony of a law enforcement officer that one side is telling the truth and the other is not?" He maintains that "a jury could not help but be swayed by testimony of this nature." These assertions are speculative claims without support in the record. First, the record does not reflect that the detective actually testified that Lott was truthful and appellant was not. Rather, the closest testimony was the detective's response that it "seemed like" Lott's statements were truthful statements. However, appellant's counsel objected to this testimony, and the objection was sustained. Thus, this instance of alleged deficient performance of counsel cannot support a claim of prejudice. Second, appellant's belief that the jury "could not help but be swayed" is mere

9

conjecture. There is no way to discern from the record how, or if, the detective's testimony influenced the jury. Furthermore, we disagree that the detective's testimony, in these circumstances, was particularly powerful. Given the fact that the detective secured a warrant for appellant's arrest, arrested appellant, forwarded this case to the district attorney's office for prosecution, and appeared at trial to testify on behalf of the State, one could logically assume that the detective found Lott credible, her allegations truthful, and believed appellant was guilty of committing this assault. Moreover, the evidence of appellant's guilt—apart from the detective's testimony—was substantial. Lott testified at trial about the events of the night, describing in detail how appellant physically attacked her. Her testimony was corroborated by photographic evidence depicting her injuries, medical evidence demonstrating the serious nature of her injuries, and expert medical testimony indicating that her injuries were the result of "a very significant force" not consistent with falling.[3]

An accused is not entitled to entirely errorless representation, and we look to the totality of the representation in gauging the adequacy of counsel's performance. *Frangias*, 450 S.W.3d at 136. The record in this case reveals that defense counsel's trial strategy was to demonstrate that appellant was the victim of a false accusation stemming from Lott's misrepresentation of what happened during the argument she had with appellant. Appellant maintained that Lott was injured when she jumped on him during the argument and he lost his balance and fell on her. At trial, counsel aptly presented this version of events to the jury and focused on Lott's credibility (the implausibility of her version of events, her changing story, and her motive for lying), the inadequate

---

[3] On cross examination, the trauma surgeon who treated Lott explained that sustaining a fractured rib from a fall with someone landing on top of her (similar to appellant's version of the events), although possible, would "be very rare."

police investigation, and the lack of corroborating evidence. The fact that this strategy ultimately proved unsuccessful does not render counsel's assistance ineffective.

On the record before us, appellant has failed to demonstrate deficient performance on the part of his trial counsel or that he suffered prejudice because of the alleged errors of counsel. Thus, he has not shown himself entitled to reversal based on ineffective assistance of counsel. We overrule appellant's second point of error.

## Non-reversible Error in Judgment

However, we observe that the judgment of conviction contains two clerical errors. First, the judgment contains an incomplete deadly weapon finding in that it fails to specify whether the deadly weapon used was a firearm but instead merely recites "Yes-deadly weapon used or exhibited."[4] Second, the judgment states that "OTHER AFFIRMATIVE SPECIAL FINDINGS" are "Not Applicable." However, the jury convicted appellant of committing an offense involving family violence. *See* Tex. Fam. Code § 71.004 (defining "family violence" as (1) "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault" or (2) "dating violence, as that term is defined by Section 71.0021 [of the Family Code]"); *see also id.* §§ 71.0021(a)(1)(A) (defining "dating violence" as an act "that is committed against a victim with whom the actor has or has had

---

[4] The standardized felony judgment form promulgated by the Office of Court Administration, which was not used in this case, provides a selection of four options for a deadly weapon finding: "N/A," "NO," "YES, A FIREARM," or "YES, NOT A FIREARM." *See* Texas Judicial Branch website, Rules & Forms, http://www.txcourts.gov/rules-forms/forms.aspx; *see also* Tex. Code Crim. Proc. art. 42.01, § 4 (mandating use of standardized felony judgment form).

a dating relationship"), .0021(b) (defining "dating relationship" as "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature"), .003 (defining "family" to include "individuals who are the parents of the same child, without regard to marriage"), .005 (defining "household" as "a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other"). Thus, the judge was required to make an affirmative family-violence finding in the judgment. *See* Tex. Code Crim. Proc. art. 42.013 ("In the trial of an offense under Title 5, Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case."); *see also Felder v. State*, No. 03-13-00707-CR, 2014 WL 7475237, at *4 (Tex. App.—Austin Dec. 19, 2014, no pet.) (mem. op., not designated for publication) ("Under article 42.013 of the Texas Code of Criminal Procedure, the trial court is charged with making an affirmative finding of family violence whenever the facts of the case support one."); *Goodwin v. State*, 91 S.W.3d 912, 918 (Tex. App.—Fort Worth 2002, no pet.) (same).

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Since the necessary information is available here, we modify the judgment of conviction to reflect that the "Finding on Deadly Weapon" is "YES, NOT A FIREARM." In addition, we modify the judgment to reflect an affirmative finding of family violence: "The Court finds that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. Tex. Code Crim. Proc. art. 42.013."

12

## CONCLUSION

Finding no error in the jury charge and no merit to appellant's claim of ineffective assistance of counsel, we modify the judgment of conviction as noted above and affirm the trial court's judgment as so modified.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Modified and, as Modified, Affirmed

Filed:   December 31, 2015

Do Not Publish