

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00397-CR

**WILLIAM DAVID WAGNER,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 14-04379-CRF-361**

_____

## MEMORANDUM OPINION

_____

William David Wagner was convicted of injury to a child and sentenced to 7 years in prison. *See* TEX. PENAL CODE ANN. § 22.04(f) (West 2011). The victim was the youngest daughter of Wagner's live-in girlfriend. Because the evidence is sufficient to support the jury's rejection of Wagner's defenses but because the judgment contains a scrivener's mistake which the parties agree this Court may correct, the trial court's judgment is reformed and affirmed as reformed.

**BACKGROUND**

When Wagner got home several hours after leaving work, he was intoxicated and angry. Ten year old Keyuiana was watching television in the living room. It was after 11:00 p.m. Wagner wanted Keyuiana to turn off the television. She would not. When he turned it off, she turned it back on. This happened several times. Wagner decided to break the televisions in the house. He started with the one in the living room. When he went to Keyuiana's room where there was another television, she tried to block his entry. He pushed her aside and she pushed him back. He then pulled her hair. An older sister of Keyuiana's tried to intervene, and Wagner attempted to punch her. She responded by punching Wagner in the mouth, chipping his tooth.

Wagner ultimately broke the television in Keyuiana's room, and at some point during the fray, he threw a hand vacuum down the hall at the girls. Keyuiana then threw a metal paper towel holder at Wagner. Neither item hit its mark. Wagner left the house, threw the family dog over the fence, slashed the tires to his girlfriend's two vehicles, and cut the family's above-ground swimming pool. When he started to enter the house again, Keyuiana grabbed the paper towel holder. Wagner punched Keyuiana in the face, causing her nose to bleed. She rated the pain she felt when she was punched as a 10 on a scale of 1 to 10. When EMS personnel arrived and evaluated Keyuiana, the EMT noticed that Keyuiana had blood in and around her nose and had cuts to the inside of her lips.

**SUFFICIENCY OF THE EVIDENCE**

Wagner received instructions on the justifications of self-defense and reasonable discipline. *See* TEX. PENAL CODE ANN. §§ 9.31; 9.61(a) (West 2011). In his first two issues, Wagner contends the evidence is insufficient for the jury to reject these justifications.

Initially we note Wagner contends a sufficiency review regarding his claim of self-defense would necessarily include, under the concept of a hypothetically correct jury charge, a claim of self-defense from multiple assailants because the evidence supports that variation of self-defense. *See Frank v. State*, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985) (defendant is entitled to a charge on the right of self-defense against multiple assailants if there is evidence that he was in danger of an unlawful attack or a threatened attack at the hands of more than one assailant). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Assuming without deciding a hypothetically correct jury charge includes defenses, if a particular defense is not requested, it is not considered in the hypothetically-correct-jury-charge sufficiency review. *See Osborne v. State*, No. 07-13-00156-CR, 2015 Tex. App. LEXIS 5518, at *7-8 (App.—Amarillo 2015, pet. ref'd) (publish); *Villa v. State*, 370 S.W.3d 787, 971 (Tex. App.—Eastland 2012), *aff'd*, 417 S.W.3d 455 (Tex.

Crim. App. 2013). Wagner did not request the submission of the right to self-defense against multiple assailants; thus, our review will not consider this form of the defense.[1]

We review Wagner's first two issues under the well-known standards for sufficiency of the evidence to support the rejection of a defense. *See* TEX. PENAL CODE ANN. § 2.03(d) (West 2011); *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). After reviewing the evidence pursuant to those standards, we find the evidence sufficient. Issues one and two are overruled.

**ERROR IN JUDGMENT**

In his third issue, Wagner contends the judgment should be reformed because it reflects that the jury assessed punishment when punishment was assessed by the court. The State agrees.

When an appellate court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—

---

[1] We question whether this form of the defense would apply to Wagner's case in any event. *Frank*, the case relied upon by Wagner, and its supporting authority, held the defense to be available to a defendant who claimed the right to self-defense using deadly force. *Frank v. State*, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985); *Sanders v. State*, 632 S.W.2d 346 (Tex. Crim. App. 1982); *Wilson v. State*, 145 S.W.2d 890, 893 (Tex. Crim. App. 1940). That is not the situation here. But because we hold that Wagner is not entitled to a sufficiency review which includes the multiple assailant form of self-defense, we need not decide whether that defense would have been available to Wagner.

Dallas 1991, pet. ref'd). Here, the record reflects that the trial court assessed Wagner's punishment, not the jury as is reflected in the trial court's judgment.

Accordingly, based on the agreement, we reform the judgment to reflect punishment was assessed by the trial court.

CONCLUSION

Having overruled Wagner's first and second issues, and in accordance with the agreement of the parties, we reform the trial court's judgment and affirm it as reformed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as reformed
Opinion delivered and filed July 20, 2016
Do not publish
[CR25]

