**AFFIRM; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01511-CR

**LUIS ARMANDO QUIROZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 10**
**Dallas County, Texas**
**Trial Court Cause No. MA-1470927-L**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Boatright

Luis Armando Quiroz appeals his conviction for assault–family violence. He challenges the trial court's evidentiary ruling limiting cross-examination regarding complainant's immigration status and pending U-visa application. He also contends he received ineffective assistance of counsel. We affirm the trial court's judgment.

### BACKGROUND

Complainant, Patricia Rodrigues, and Quiroz lived together for approximately four years. Three children lived with them; Quiroz is the father of the youngest child. Rodrigues testified that on June 16, 2014, Quiroz got mad at her for misplacing his phone. He hit her in the face, grabbed her around the neck, threw her on the bed, and threatened to rape her. At some point during the altercation, Quiroz hit and broke a mirror. Rodrigues testified that Quiroz picked up a piece of the

broken glass and threatened to cut her. Rodrigues's 14-year-old son intervened and pushed Quiroz away. Rodrigues called 911; however, Quiroz left before the police arrived.

Quiroz was charged with the offense of assault–family violence. After a jury found Quiroz guilty, the trial court assessed punishment of 365 days in Dallas County jail, probated for eighteen months, and a fine of five hundred dollars. Quiroz filed a motion for new trial, asserting he may have received ineffective assistance of counsel because his trial counsel failed to call witnesses who had exculpatory evidence to rebut complainant's allegations. His motion for new trial was denied by operation of law and this appeal followed.

**DISCUSSION**

*A. Exclusion of Evidence*

In Quiroz's first issue, he contends that the trial court erred by limiting his cross-examination of Rodrigues with regard to her application for a U-visa. This is a visa for crime victims who suffer abuse and are helpful in the investigation or prosecution of crime. 8 C.F.R. § 245.24 (2013). He contends the evidence was relevant because Rodrigues may have been motivated to testify falsely that she was the victim of family violence in order to obtain a U-visa to avoid deportation. He also contends that the trial court's ruling violated his right to confront witnesses under the Confrontation Clause of the Sixth Amendment to the United States Constitution and article I, section 10 of the Texas Constitution.

Prior to trial, the State provided Quiroz with a notice of extraneous offenses and a notice under *Brady v. Maryland*, 373 U.S. 83 (1963), that: (i) Rodrigues had disclosed that she was applying for a U-visa, and (ii) Rodrigues tried to drop the charges in this case but the police officers refused to do so. During a hearing on pretrial motions, the State presented a motion in limine that Rodrigues's immigration status should not be mentioned because it was not relevant to the case. The defense did not object, and the trial court granted the State's motion in limine. Later during

–2–

the trial and outside the presence of the jury, defense counsel asked to cross-examine Rodrigues about her U-visa application and suggested that qualifying for such a visa provided a motive for Rodrigues to falsify evidence that she was a victim of family violence. The State again argued that Rodrigues's immigration status and her U-visa application were not relevant.

Defense counsel made an offer of proof, questioning Rodrigues about her application for a U-visa. Rodrigues approximated that she had applied for a U-visa more than a year after the assault. She stated that while being counseled at The Family Place, she was referred to an attorney who suggested she apply for a U-visa. She asserted that she had no prior knowledge about U-visas. When asked what benefit she expected from a U-visa, she said she did not expect a benefit but was asking for justice. She also stated that if approved for a U-visa, she hoped to stay in the United States because she has custody of her children. The trial court denied defense counsel's request to introduce evidence about Rodrigues's immigration status and her application for a U-visa because he did not show a logical relevance between Rodrigues's U-visa application and her testimony at trial.

We examine a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. at 83. The constitutional right to confront witnesses includes the right to cross-examine witnesses to attack their general credibility or show their possible bias, self-interest, or motives in testifying. *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). This right is not unqualified, however, and a trial judge possesses wide latitude to impose reasonable limits on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010). A witness who may be on probation, have pending charges, be in the

country illegally, or have some other "vulnerable status" is not automatically subject to cross-examination as to that status regardless to its lack of relevance to the testimony of that witness. *Id*. at 152. "The cross-examiner must show some 'causal connection' between the witness's 'vulnerable relationship' and the witness's testimony." *Id*. at 145.

Here, the trial judge cited *Irby*, and concluded that Quiroz could not cross-examine Rodrigues about her immigration status and her application for a U-visa unless he could show that there was a logical connection between Rodrigues's vulnerable status [her immigration status] and her potential motive for testifying in this case. *Id*. at 148. Noting that a person can apply for a U-visa regardless of whether they testify in court, the judge stated "unless you can make a showing that the Feds are going to grant it [the U-visa] based on her testimony, then you can't make a showing that it's affecting her testimony." Because Quiroz failed to establish a logical connection between Rodrigues's immigration status and her potential motive for testifying against him, we conclude the trial court's limitations on cross-examination were appropriate and did not prevent Quiroz from confronting Rodrigues on any relevant matter.

Quiroz also complains that the trial court violated his Sixth Amendment right to confront witnesses when it refused to permit him to cross-examine Rodrigues about her immigration status and U-visa application. However, Quiroz never made an argument about the right to confront witnesses. At trial, Quiroz argued that the evidence should be admitted to demonstrate that Rodrigues may have had a motive to falsify evidence of the assault. He did not argue that the Sixth Amendment demanded admission of evidence regarding Rodrigues's immigration status and her application for a U-visa. Likewise, his motion for new trial does not assert that Quiroz's right to confront witnesses had been violated. A defendant must preserve error in the trial court to argue on appeal that his right to confront witnesses was violated. *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd) (The right of confrontation is forfeitable and must be

preserved by a timely and specific objection at trial.). To preserve error on Confrontation Clause grounds, Quiroz was required to make a sufficiently specific objection on that basis. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Because Quiroz did not clearly articulate that the Confrontation Clause demanded admission of the evidence, the trial judge did not have the opportunity to consider or rule on this argument. *Id*. And before presenting a complaint for appellate review, the record must show that it was made to the trial court by a timely request that made the trial court aware of the grounds for the requested ruling, and that the trial court ruled or refused to rule on the request. TEX. R. APP. P. 33.1. Accordingly, Quiroz failed to preserve this argument for appeal.

The trial court did not abuse its discretion by excluding evidence about Rodrigues's immigration status and her application for a U-visa. *Henley*, 493 S.W.3d at 83. We overrule Quiroz's first issue.

### B. Ineffective Assistance of Counsel

In his second issue, Quiroz contends that he received ineffective assistance of counsel because his lawyer failed to: (1) object to extraneous offense testimony; (2) withdraw when it became apparent that he could be a material witness; and (3) object to the State's motion in limine or otherwise obtain an exception in order to cross-examine complainant regarding her motivation to falsify evidence that Quiroz assaulted her in order to qualify for a U-visa. To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984). To satisfy the first part of the *Strickland* test, appellant must prove by a preponderance of the evidence that counsel's representation was unreasonable according to prevailing professional

norms. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). It is not enough to merely show, through the benefit of hindsight, that trial counsel's actions were questionable. *Id*. at 142–43.

To satisfy the second part of the test, appellant must show a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Failure to satisfy either part of the test defeats the ineffective assistance claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Review of counsel's representation is highly deferential; we presume that counsel's conduct fell within a wide range of reasonable representation. *Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013). In order for an appellate court to find that counsel was ineffective, counsel's alleged deficiency must be affirmatively demonstrated in the record. *Lopez*, 343 S.W.3d at 142. Appellant must produce record evidence sufficient to overcome the presumption that, under the circumstances, the challenged action was sound trial strategy. *Strickland*, 466 U.S. at 689; *Villa*, 417 S.W.3d at 463.

Quiroz filed a motion for new trial asserting that he may have received ineffective assistance of counsel because his trial counsel failed to call witnesses that he had identified who had relevant exculpatory evidence to rebut the claimant's assertions. The motion did not identify the witnesses or describe the exculpatory evidence. The motion was never set for hearing, and it was overruled by operation of law. Consequently, there is no record of a hearing at which Quiroz's trial counsel was afforded the opportunity to explain the motivation or trial strategy behind his decision not to call certain witnesses. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Brennan v. State*, 334 S.W.3d 64, 71 (Tex. App.—Dallas 2009, no pet.). Trial counsel should ordinarily be

given an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012).

On appeal, Quiroz does not complain that his trial counsel failed to call exculpatory witnesses. Instead, he identifies three new ways in which he purportedly received ineffective assistance of counsel.

### 1. Extraneous Offense Testimony

Quiroz complains that his attorney did not object to the testimony of Rodrigues or her son when they testified that Quiroz broke a mirror and threatened to stab or cut Rodrigues with the broken glass. He also complains that his attorney did not object to testimony that Quiroz threatened and stalked Rodrigues and attempted to bribe her into dropping the charge against him. Quiroz argues the testimony was unfairly prejudicial under evidence rule 403, and should have been excluded as an impermissible attack on his character under evidence rule 404. Quiroz concedes there is nothing in the record on appeal to explain trial counsel's trial strategy in allowing this testimony into evidence. But he argues there is no strategy or tactic that can justify allowing inadmissible testimony on his character in direct contravention of rule 404.

There are several problems with Quiroz's argument. To demonstrate ineffective assistance based on his trial counsel's failure to object to evidence, Quiroz had to show that the trial court would have committed harmful error by overruling the objection had trial counsel objected. *Donald v. State*, 543 S.W.3d 466, 478 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Rule 404(b) prohibits the admission of extraneous offenses to prove a defendant's character or to show that the defendant acted in conformity with that character. TEX. R. EVID. 404(b). But extraneous offenses may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. Extraneous offense evidence may also be admissible for purposes other than those expressly listed in Rule 404(b).

Such evidence may be admissible as same transaction contextual evidence, which has been defined as evidence of other offenses connected with the offense charged. *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). "[E]vents do not occur in a vacuum, and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of [the charged] act so that it may realistically evaluate the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

With respect to testimony that Quiroz threatened Rodrigues with broken glass, defense counsel objected to this evidence when it was first mentioned during the State's opening statement and later in the trial, objected again as part of a broader objection to the manner in which Rodrigues was being allowed to testify about such extraneous matters. Nevertheless, the trial court allowed the testimony. Quiroz complains that defense counsel should have objected every time Rodrigues and her son testified about the broken glass. However, counsel's failure to object each time the same or similar testimony was presented to the jury was not ineffective assistance. *Gosch v. State*, 829 S.W.2d 775, 784 (Tex. Crim. App. 1991) ("We find that there is no deficiency in counsel's failure to convince the trial court in the first instance to exclude relevant testimony regarding appellant's motive and thus subsequently failed to object when the same or similar testimony was brought forward."). Rodrigues testified that during the course of the assault, Quiroz broke a mirror, picked up a piece of the glass, and threatened to cut her with it. In response to this threat, Rodrigues's son intervened. According to the evidence, Quiroz threatened Rodrigues with broken glass during the course of the on-going assault. The trial court could have determined that this testimony was necessary to the jury's understanding of the charged offense. Same-transaction contextual evidence is admissible as an exception under rule 404(b) when it is necessary to the jury's understanding of the charged offense. *Nickerson v. State*, 478 S.W.3d 744, 757 (Tex. App.— Houston [1st Dist.] 2015, no pet.). The trial court would not have erred by overruling an objection

to this evidence. And trial counsel could not be deficient for failing to object to the admission of admissible evidence. *Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012) (orig. proceeding) (failure to object to proper questions and admissible testimony is not ineffective assistance).

During the trial, the State argued, and the trial judge agreed, that Rodrigues did not testify that Quiroz "stalked" her. This characterization was used by defense counsel when objecting in advance to what he thought Rodrigues's testimony would be. Rodrigues testified that after the assault, she continued to see Quiroz. She stated that first he threatened her to try to get her to drop the charges against him and later he offered her $10,000 to drop the charges. Although this testimony was not admissible to prove Quiroz's character, it could have been admissible for another purpose. Criminal acts that are designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense on trial are admissible under Rule 404(b) as showing "consciousness of guilt." *Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994). These include threats against witnesses and their families. *Id*. The record does not reveal defense counsel's trial strategy in not objecting to Rodrigues's testimony that Quiroz threatened her. However, the record shows that defense counsel cross-examined Rodrigues about her threats and harassment of Quiroz. On this record, we cannot conclude that defense counsel had no strategic reason for failing to object to Rodrigues's testimony that Quiroz threatened and attempted to bribe her to drop the charges against him.

Quiroz has not demonstrated that the trial court would have committed error by overruling the objections that he asserts trial counsel should have made. *Donald*, 543 S.W.3d at 478. Furthermore, the record contains no evidence as to the strategies employed by defense counsel regarding the extraneous evidence. Accordingly, the presumption of sound trial strategy has not been overcome. *Brennan*, 334 S.W.3d at 73.

*2. Defense Counsel as Witness*

Quiroz contends his trial counsel should have withdrawn as counsel as soon as it became apparent that he would be an adverse witness to his client. He claims that Rodrigues testified that Quiroz and his defense counsel tried to bribe her into dropping the assault charges against Quiroz. And he argues that his defense counsel's failure to offer his own testimony and/or withdraw denied Quiroz effective legal representation. The record does not support his assertions.

Rodrigues testified that Quiroz—not his trial counsel—threatened her to get her to withdraw the charge. She testified that Quiroz—not his trial counsel—offered her ten thousand dollars to withdraw the charge. She also testified that defense counsel's assistant called her to inquire whether she wanted to continue with the prosecution, to which she responded that she did. On cross examination, Rodrigues clarified that she appeared at defense counsel's office, not at trial counsel's direction, but because Quiroz threatened her. And she stated that she did not meet with defense counsel; she only spoke to his assistant.

Disciplinary Rule 3.08(a) provides that a lawyer shall not continue employment as an advocate before a tribunal in an adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client. TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9). The rule provides an exception that allows a lawyer to testify if "the testimony relates to the nature and value of legal services rendered in the case." *Id*. 3.08(a)(3). However, the fact that a lawyer serves as both an advocate and a witness does not, standing alone, compel disqualification. *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (orig. proceeding).

In this case, the record does not show that defense counsel's testimony was necessary to establish an essential fact. Through cross-examination of Rodrigues, defense counsel established

that he did not participate in any threat or monetary offer to Rodrigues. Quiroz fails to show how his defense counsel's failure to offer his own testimony and/or withdraw denied Quiroz effective legal representation.

### 3. Cross-Examination of Rodrigues

Quiroz contends that he received ineffective assistance of counsel because his lawyer failed to object to the State's motion in limine or to otherwise obtain an exception in order to cross-examine complainant about her motivation to falsify evidence that Quiroz assaulted her in order to qualify for a U-visa; however, he provides no additional briefing on this point. In our discussion of Quiroz's first issue, we address defense counsel's efforts to introduce evidence of Rodrigues's immigration status and her application for a U-visa. The record shows that as the trial progressed, defense counsel made several requests, and finally an offer of proof, in an effort to persuade the trial court to allow the cross-examination into Rodrigues's immigration status and U-visa application. Quiroz failed to produce record evidence sufficient to overcome the presumption that, under the circumstances, the challenged action was sound trial strategy. *Strickland*, 466 U.S. at 689. Accordingly, we presume that defense counsel's conduct fell within a wide range of reasonable professional assistance. *Villa*, 417 S.W.3d at 463.

Quiroz failed to satisfy the first part of the *Strickland* test. He failed to prove by a preponderance of the evidence that his trial counsel's representation fell below an objective standard of reasonableness based upon prevailing professional norms. *Lopez*, 343 S.W.3d at 142. We overrule his second issue.

**CONCLUSION**

Having overruled each of appellant's issues, we affirm the trial court's judgment.


_/Jason Boatright/_
JASON BOATRIGHT
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

161511F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUIS ARMANDO QUIROZ, Appellant

No. 05-16-01511-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 10, Dallas County, Texas

Trial Court Cause No. MA-1470927-L.

Opinion delivered by Justice Boatright.

Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2018.