

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00383-CR

---

Joel Paredes, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 290th District Court
Bexar County, Texas
Trial Court No. 2023CR3014

---

## MEMORANDUM OPINION[1]

A jury found Appellant, Joel Paredes, guilty of one count of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1). On appeal, Paredes brings two issues, contending: (1) the trial court reversibly erred by admitting evidence of an extraneous offense; and (2) his trial counsel rendered ineffective assistance by failing to qualify Paredes for community supervision. Finding no reversible error, we affirm.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3

## I. BACKGROUND

Because Paredes does not challenge the sufficiency of the evidence to support his conviction, we set forth only an abbreviated factual background.

A grand jury indicted Paredes with one count of sexual contact with A.G.J.[2] The indictment alleged that on September 18, 2021, Paredes intentionally and knowingly engaged in sexual contact with A.G.J., a child younger than 17 years of age, by touching part of her genitals. Paredes entered a plea of not guilty, and the case proceeded to a jury trial.

Before the jury, A.G.J. testified that, on September 18, 2021, when she was 14 years old, Paredes touched her vagina with his hand inside her pants. She testified this occurred at a family friend's house in Bexar County. Under Article 38.37—permitting the admission of similar offenses "for any bearing the evidence has on relevant matters" in indecency with a child cases—A.G.J. also testified that on October 31, 2022, Paredes again touched her vagina under her pants with his hand while she was at her aunt's house for a party. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). This Article 38.37 evidence was admitted over Paredes's objection.

The jury returned a verdict of guilty to the charged offense and assessed punishment at four years' confinement. The trial court entered a judgment of conviction in accordance with the jury's verdict. Paredes appealed.

## II. ARTICLE 38.37 EVIDENCE

In his first issue, Paredes argues the trial court abused its discretion when it admitted evidence of an alleged extraneous offense during the trial in this case. Specifically, he argues the challenged evidence is not relevant and its probative value was substantially outweighed by its potential for unfair prejudice. *See* Tex. R. Evid. 401, 403.

---

[2] Because the complaining witness was a minor at the time of the offense, we use initials for privacy protection. *See* Tex. R. App. P. 9.10(a)(3).

Before trial, the State gave notice of its intent to introduce evidence of an additional instance of Paredes committing indecency with a child by contact against A.G.J. that allegedly occurred in October 2021 in Bastrop County. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 3 (describing requirement that State must give notice of its intent to introduce evidence of an extraneous offense no later than the 30th day before trial). On the first day of trial, prior to any presentation of evidence, the trial court conducted an Article 38.37 hearing outside the presence of the jury.

A.G.J. testified that on October 31, 2022, she was at her aunt's house in Bastrop County attending a party. Paredes was also at the party. A.G.J. testified that she went to use the restroom and Paredes walked behind her. A.G.J. described that, outside the restroom, Paredes touched her vagina with his hand under her clothes. As she tried to push him away from her, he told her it was her fault because of how she dressed. Paredes then left her alone.

The trial court asked whether Paredes had any objections to the admission of the Article 38.37 evidence. Defense counsel responded that he objected to the prejudicial effect of the evidence although it "seem[ed] to meet the parameters of the statute." The trial court overruled the objections and allowed the evidence to be admitted. A.G.J. then testified before the jury describing the October 31 incident.

### A. Standard of review and applicable law

We review the trial court's ruling on evidentiary objections for an abuse of discretion. *Perkins v. State*, 664 S.W.3d 209, 217 (Tex. Crim. App. 2022). There is no abuse of discretion if the trial court's ruling is within the zone of reasonable disagreement. *Valadez v. State*, 663 S.W.3d 133, 143 (Tex. Crim. App. 2022).

Pursuant to Texas Code of Criminal Procedure Article 38.37, evidence that the defendant committed a separate, unindicted offense of indecency with a child is admissible in a trial for the alleged commission of an indecency with a child offense even if such evidence would otherwise be inadmissible under Rules 404 or 405 of the Texas Rules of Evidence. Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b); Tex. R. Evid. 404, 405. Before such evidence is introduced, the trial judge must first conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt[.]" Tex. R. Evid. § 2-a(1).

Additionally, the admission of such evidence remains limited by Rule 403's balancing test, which provides for the admission of evidence "as long as its probative value is not substantially outweighed by its potential for unfair prejudice." *Bradshaw v. State*, 466 S.W.3d 875, 882 (Tex. App.—Texarkana 2015, pet. ref'd) (citing Tex. R. Evid. 403). The trial court must balance the following factors: "(1) the inherent probative force of the proffered item of evidence, . . . (2) the proponent's need for that evidence against, (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted." *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

**B. Analysis**

On appeal, Paredes asserts the trial court abused its discretion in admitting the evidence of the October incident because (1) the evidence was not relevant, and (2) the probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury. He contends the evidence did not serve to make more or less probable whether he committed the charged offense and that the State had no need for the evidence other than to prejudice the jury against him.

First, the State responds that Paredes did not object on the basis of relevancy at trial and therefore he failed to preserve his relevance challenge on appeal. We further note, besides citing general law, Paredes does not expand on his relevancy argument or support his argument with citation to authority. *See* Tex. R. App. P. 38.1(i). Still, evidence of a separate sexual offense against a child admitted under Article 38.37 is probative on the issues of intent and a defendant's character or propensity to commit sexual assaults on children. *See Bradshaw*, 466 S.W.3d at 883; Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). Therefore, we overrule Paredes's complaint that the evidence was irrelevant.

Next, we consider whether the probative value was substantially outweighed by its potential for unfair prejudice. The evidence of the October incident was close in time to the charged offense and was not older than the charged offense. Also, the evidence of the October incident happened to the same complainant and was of the same type of detail as the charged offense. For these reasons, the evidence had very little tendency to confuse or distract the jury from the main issues. In fact, his counsel made it clear during closing arguments that Paredes was not on trial for the October incident and that the jury could only find him guilty if they found beyond a reasonable doubt that he committed the charged offense. Additionally, the State did not spend an excessive amount of time developing the evidence and the evidence was not cumulative. *See Foster v. State,* No. 02-22-00109-CR, 2023 WL 4780566, at *4–5 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op., not designated for publication) (holding that similar extraneous offense testimony in a child sex case that comprised a significant portion of the trial was not cumulative nor caused undue

5

delay only weighed slightly, if at all, against admission). Finally, the State's need for the evidence was great in that Paredes's defensive theory called into question A.G.J.'s credibility. The evidence allowed the jury to view the consistency of her testimony along with consistent statements she made in the SANE report admitted into evidence.

The trial court properly conducted a hearing outside the jury's presence and found that a jury could reasonably conclude beyond a reasonable doubt that Paredes committed the prior offense. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2-a. We conclude the trial court did not clearly abuse its discretion by overruling Paredes's objection. *See Keller v. State*, 604 S.W.3d 214, 228 (Tex. App.—Dallas 2020, pet. ref'd) (holding that trial court properly overruled Rule 403 objection because the prior conviction was necessary to rebut defensive theory that victim fabricated her story); *see also Herrera v. State*, No. 04-24-00438-CR, 2025 WL 2463171, at *6 (Tex. App.—San Antonio Aug. 27, 2025, no pet.) (same).

We overrule Paredes's first issue.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Paredes argues that his right to effective assistance of counsel was violated during the punishment phase of trial by his counsel's failure to develop evidentiary support for his application for community supervision.

### A. Standard of review and applicable law

The Sixth Amendment to the U.S. Constitution guarantees the right to counsel in criminal prosecutions. U.S. Const. amend. VI.; Tex. Const. art. I, § 10. "[T]he right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). In order to prevail on an ineffective assistance of counsel claim, the defendant must show that (1) his trial counsel's performance was so deficient it fell below an objective standard of reasonableness; and (2) the defendant was

6

prejudiced by the deficiency—which means that that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant bears the burden of proving both prongs by a preponderance of the evidence. *Id*. at 813; *Strickland*, 466 U.S. at 687. "The purpose of this two-pronged test is to assess whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result." *Villa v. State*, 417 S.W.3d 455, 463 (Tex. Crim. App. 2013).

Judicial scrutiny of trial counsel's performance is highly deferential. *Id*. Ineffective-assistance claims must be firmly rooted in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). There is a "strong presumption" that counsel's conduct fell within the "wide range of reasonable assistance." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) (quoting *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004) (internal quotation marks omitted)).

The Court of Criminal Appeals has made clear that, in most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003) (en banc). Counsel should ordinarily be given an opportunity to explain his actions before being condemned as unprofessional and incompetent. *Id.* at 111. An application for writ of habeas corpus is the more appropriate vehicle to raise ineffective assistance of counsel claims. *Id.* at 110.

**B. Analysis**

Paredes contends his trial counsel performed deficiently during the punishment phase by failing to present or develop evidence establishing he had not previously been convicted of a felony. Because Paredes did not file a motion for new trial, the record provides no explanation of

7

counsel's decisions at trial. Thus, on this silent record, the evidence does not overcome the strong presumption of reasonable assistance. *Id.* Still, even if Paredes had established deficient performance, the record also fails to show prejudice. *Strickland*, 466 U.S. at 686.

To be eligible for community supervision in a jury trial, the defendant must, before trial begins, file a written sworn motion with the judge that he has not previously been convicted of a felony in Texas or any other state. Tex. Code Crim. Proc. Ann. art. 42A.055(b)(1). Additionally, the jury's verdict must include a finding that the information contained in the defendant's motion is true. Tex. Code Crim. Proc. Ann. art. 42A.055(b)(2); *Mayes v. State*, 353 S.W.3d 790, 793 (Tex. Crim. App. 2011).

Before trial and through counsel, Paredes filed an application in which he asked, in the event of his conviction and if his punishment were to be assessed at a period not exceeding ten years' confinement, that he be placed on community supervision. Because the application was timely made, the trial court instructed the jury:

> Our statutes provide that where a defendant is found guilty of indecency with a child by sexual contact, the Jury may, within its discretion, recommend community supervision during the good behavior of the defendant only if:
>
> - the victim of the offense was not younger than 14 years of age at the time the offense was committed, and
> - the jury assesses the punishment at not more than ten years, and
> - the jury finds that the defendant has never been convicted of a felony in this or any other State[.]

The punishment verdict given to the jury required three answers to complete. First, the jury was asked to fill in a blank for the term of confinement within the punishment range of 2 to 20 years. Here, the jury answered, "four years." Second, the jury was asked whether it assessed a fine, and if yes, to provide the dollar amount limited to not more that $10,000. Here, the jury checked the line for "No fine[.]" Third and finally, the jury was conditionally instructed to answer a final

question but to do so: "<u>ONLY</u> IF THE JURY FINDS THAT THE VICTIM OF THE OFFENSE WAS NOT YOUNGER THAN 14 YEARS OF AGE AT THE TIME OF THE OFFENSE AND THAT [PAREDES] HAS NEVER BEFORE BEEN CONVICTED OF A FELONY IN THIS OR ANY OTHER STATE, AND <u>ONLY</u> IF THE JURY HAS ASSESSED <u>TEN</u> YEARS CONFINEMENT OR LESS" (emphasis in original). If those conditions were met, the jury would then make a recommendation on Paredes's application for community supervision by choosing among four possible options, listed from "a." to "d." If the jury chose option "a.," after it acknowledged it did not assess a fine, it could recommend that the term of confinement assessed against Paredes would be suspended and he would be placed on community supervision. If the jury chose either of the next two options, "b." or "c.," applicable when a fine had been assessed, the jury could recommend the suspension of both the fine and confinement, or only confinement and not the fine. If the jury chose the fourth and final option under "d.," the jury could outright recommend a denial of Paredes's application for community supervision. As to this choice, after moving beyond the conditional instruction, the jury checked the line next to "d.," indicating it recommended that Paredes's application for community supervision be denied.

On appeal, Paredes contends his trial counsel violated his right to effective assistance of counsel by failing to elicit testimony from either himself or his wife to establish a precondition to his eligibility for community supervision—that is, that he had never been convicted of a felony. Although it is true that no witness was specifically asked whether Paredes had a prior felony conviction, his wife did testify that he had never been arrested during their thirty years' of being together. From this testimony, the jury could have drawn reasonable inferences from the evidence and could have reasonably concluded that Paredes had no prior felony conviction. *See Baltimore v. State*, 689 S.W.3d 331, 342 (Tex. Crim. App. 2024) ("A jury is permitted to draw reasonable inferences from the evidence presented at trial, so long as each inference is supported by the

9

evidence produced at trial."). Even so, after the jury had found that each of the three conditions were met that permitted it to recommend that he be placed on community supervision, it still remained free to reject his request. By checking the line for option "d.", the jury rejected his request despite it having found that he met preconditions.

Based on the testimony and instructions given to the jury, we conclude the record fails to show that counsel's performance was deficient or that the trial outcome would have been different if counsel had elicited additional testimony on Paredes's lack of a prior felony conviction. *See Jordan v. State*, No. 02-24-00048-CR, 2024 WL 4899028, at *2 (Tex. App.—Fort Worth Nov. 27, 2024, pet. ref'd) (holding record did not show deficient performance regarding counsel proving defendant was eligible for community supervision when there was testimony that defendant had never been in trouble with the law or been to jail); *Alvear v. State*, No. 09-23-00331-CR, 2025 WL 2792548, at *4 (Tex. App.—Beaumont Oct. 1, 2025, no pet.) (concluding that, because the record established the jury did consider community supervision, appellant failed to establish the outcome would have been different had counsel produced evidence that he had never been convicted of a felony).

We overrule Paredes's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. PALAFOX, Justice

March 18, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

(Do Not Publish)